IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GHS HEALTH MAINTENANCE ORGANIZATION, INC. d/b/a BlueLincs HMO, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 01-517C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH THE PARTIES WOULD FILE THE JOINT STIPULATIONS OF FACT AND ISSUES OF LAW AND DISPOSITIVE MOTIONS AND BRIEFS

Introduction

Defendant, on behalf of the parties, respectfully requests that this Court grant the parties an enlargement of time of approximately two weeks, for each of the filing dates established in the Court's scheduling order dated September 19, 2005. This is the first request for an enlargement of time for this purpose. All counsel have consulted and agreed upon this revised schedule, given the responsibilities of counsel and work travel previously scheduled. The parties propose the following revised schedule:

| | |
|---|---|
| December 8, 2005 | Joint Stipulation of Facts and Issues of Law |
| December 22, 2005 | Plaintiff's Motion for Summary Judgment |
| January 25, 2006 | Defendant's Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment |
| February 17, 2006 | Plaintiff's Reply Brief |
| March 9, 2006 | Defendant's Reply Brief |

1. Matters Relating To This Case

Counsel for defendant is counsel of record in three related cases: GHS Health Maintenance Organization, Inc. v. United States, Texas Health Choice v. United States, and Scott & White Health Plan v. United States, No. 01-517C, 05-371C, 05-963C (Fed. Cl.). By order dated September 19, 2005, the Court issued a scheduling order.

Defendant was required to file the Appendix[1] in these cases by October 24, 2005. This work required substantially more time than anticipated.[2]

The next filing due is the Joint Stipulations of Fact, with citations to the Appendix, and the Issues of Law, presently due by due November 21, 2005. For these filings, the parties are required to consult. Counsel for defendant also is required to coordinate with the agency on these matters.

Pursuant to the request by counsel for defendant, counsel for the three plaintiffs in the related cases forwarded a draft Joint Stipulation of Facts to counsel for defendant. Counsel held a conference call on Wednesday, November 16, 2005, to discuss matters in the cases, and counsel are making progress. Counsel for defendant has consulted with the agency and has forwarded to plaintiffs' counsel defendant's proposed version of the Joint Stipulation. Counsel have agreed to consult further on these matters, to complete the Joint Stipulation.

---

[1] The filing of the Appendix, prior to filing the briefs, was required, because these cases involve the plaintiffs' challenge to a regulation promulgated by the Office of Personnel Management (OPM). Some of the documents in the Appendix were those relating to the "administrative record" involved in the promulgation of the regulation.

[2] Counsel for defendant is also required to file a corrected Appendix in this case. Part of the appendix that counsel filed earlier contained only some of the pages of the contract between the parties. Counsel intends to file the corrected appendix in the near future, with added appendix pages to which the parties may be required to cite in their pleadings.

However, as explained below, the schedule of counsel for defendant has been and remains unusually heavy, and counsel requires additional time within which to complete the first set of filings.

2. Other Responsibilities of Counsel of Record

Counsel of record has significant other case responsibilities during this time, several of which arose after the status conference in this case (held on September 16, 2005) that led to the agreed-upon dates established in the Court's order dated September 19, 2005.

By decision dated October 19, 2005, this Court issued its decision on damages in Carabetta v. United States, No. 02-1134C (Fed. Cl.) . Counsel of record was not the counsel who handled the damages trial or briefs at the liability stage; while counsel is familiar with the record, counsel is responsible for preparing the required memorandum to the Solicitor General relating to whether to recommend appeal and/or a cross-appeal on any one of the ten major damages issues adjudicated by the Court, as well as the underlying liability issue. Carabetta v. United States, 58 Fed. Cl. 563 (2003). Counsel is required to consult with the agency, and prepare the memorandum by mid-November 2005. In addition, counsel reviewed a proposed motion that counsel for Carabetta forwarded to counsel, relating to a motion to amend the total judgment of $18,343,953. (Plaintiffs' proposed motion to amend would not change the total amount awarded, but would set forth with particularity the exact amounts of money owed (if any) to each of the numerous plaintiffs in the case (with both parties reserving the right to appeal)). Because that motion was due by November 2, 2005 (ten days after the judgment was issued), counsel was required to consult with the Government's expert and agency counsel. By order dated November 8, 2005, the Court granted plaintiffs' motion (with no objection by

defendant). Further, counsel was required to prepare defendant's motion for reconsideration of one damages issue in Carabetta. Counsel filed that motion on November 2, 2005. By order dated November 9, 2005, the Court denied the motion.

Counsel is also required to prepare the Government's response to the petition for rehearing en banc filed in Members of Peanut Quota Holders Association v. United States, 421 F.3d 1423 (Fed. Cir. 2005). The Government's response, was due on November 17, 2005. By order dated November 14, 2005, the court of appeals granted our second motion until November 30, 2005, to file our response (with no further extensions of time).

In addition, counsel was required to review a recent filing and motion by plaintiffs' counsel in connection with Texas Peanut Farmers v. United States, No. 03-445C (Fed. Cl.). Defendant's response was due by November 16, 2005. See generally Texas Peanut Farmers v. United States, 409 F.3d 1370 (Fed. Cir. 2005) and In re Peanut Crop Insurance Litigation, 342 F.Supp.2d 1353 (JPML, 2004). The jurisdictional issue of the appropriate district court for each plaintiff, involving dozens of peanut farmers and potentially more than one dozen districts of district courts in southern states, is also involved in the case pending in the United States District Court for the Eastern District of North Carolina, Barnhill et al. v. Ross J. Davidson et al, No. 4:02-159 (E.D. N.C.), the district court to which the Judicial Panel on Multidistrict Litigation (JPML) had previously transferred the claims of some of the plaintiffs. Counsel is frequently required to consult with various Assistant United States Attorneys and agency counsel on matters relating to Barnhill et al. v. Ross J. Davidson et al, No. 4:02-159 (E.D. N.C.). Plaintiffs also recently filed another motion to transfer with the JPML, which required defendant to file its response/opposition by November 16, 2005. Given the pendency of the JPML proceedings, this

Court recently issued an order staying the proceedings in this Court until the JPML issues its decision.

In addition, counsel is counsel of record for defendant in Chevron v. United States, No .04-1365 (Fed. Cl.). Counsel was required to file, by November 16, 2005, defendant's reply to plaintiff's response to defendant's supplemental motion to dismiss, and defendant's response to plaintiff's motion to amend/correct transcript. [3]

Conclusion

Accordingly, defendant respectfully requests that this Court grant the parties an enlargement of time of approximately two weeks, for each of the filing dates established in the Court's order dated September 19, 2005, with the following new scheduling order:

| | |
|---|---|
| December 8, 2005 | Joint Stipulation of Facts and Issues of Law |
| December 22, 2005 | Plaintiff's Motion for Summary Judgment |
| January 25, 2006 | Defendant's Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment |
| February 17, 2006 | Plaintiff's Reply Brief |
| March 9, 2006 | Defendant's Reply Brief |

[3] During the week of October 24, 2005, counsel also attended two memorial services.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ David M. Cohen
DAVID M. COHEN
Director

/s/Jane W. Vanneman
JANE W. VANNEMAN

Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Phone: (202) 307-1011
Fa x: (202) 514-8624

November 17, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2005, a copy of the foregoing "MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH THE PARTIES WOULD FILE THE JOINT STIPULATIONS OF FACT AND ISSUES OF LAW AND DISPOSITIVE MOTIONS AND BRIEFS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.