# United States Court of Federal Claims

| | |
|---|---|
| **GHS Health Maintenance Organization, Inc., d/b/a BlueLincs HMO, Texas Health Choice, L.C., and Scott & White Health Plan,** *Plaintiffs*, <br><br> *v.* <br><br> **United States,** *Defendant*. | **No. 01-517C** <br><br> **Judge Marian Blank Horn** |

**Joint Statement of Issues of Law**

Pursuant to this Court's Order, dated September 19, 2005, Plaintiffs GHS Health Maintenance Organization, Inc. d/b/a BlueLincs HMO ("BlueLincs"), Texas Health Choice, L.C. ("Texas Health"), and Scott & White Health Plan ("Scott & White"), and Defendant United States of America submit the following Joint Statement of Issues of Law for purposes of their respective motions for summary judgment:

**BlueLincs**

1. Is 48 C.F.R. §1652.216-70(b)(6) invalid on its face and/or as applied to BlueLincs here?

2. If 48 C.F.R. § 1652.216-70(b)(6) is invalid, is BlueLincs entitled to recover $369,127, the sum it would have received but for the application of 48 C.F.R. § 1652.216-70(b)(6)?

3. Did OPM breach the OPM/BlueLincs Contract?

**Texas Health**

4. Is 48 C.F.R. §1652.216-70(b)(6) invalid on its face and/or as applied to Texas Health here?

5. If 48 C.F.R. § 1652.216-70(b)(6) is invalid, is Texas Health entitled to recover $622,246, the sum it would have received but for the application of 48 C.F.R. § 1652.215-70(b)(6)?

**Scott & White**

6. Is 48 C.F.R. §1652.216-70(b)(6) invalid on its face and/or as applied to Scott & White here?

7. If 48 C.F.R. § 1652.216-70(b)(6) is invalid, is Scott & White entitled to recover $3,625,782, the sum it would have received but for the application of 48 C.F.R. § 1652.215-70(b)(6)?

**United States**

8. Whether plaintiffs are bound by the contracts they executed which included the terms of the non-reconciliation regulation at issue, even if the non-reconciliation regulation is held to be invalid.

9. Whether plaintiffs, having performed the contracts, have waived their right to object to the terms of the contract and/or the regulation, either on its face and/or as applied.

**Issues Not Agreed Upon**

10. Plaintiff BlueLincs and Defendant United States were unable to agree to the following statement of issue of law:

a. Plaintiff BlueLincs proposed statement of issue of law: Is BlueLincs entitled to recover $369,127 from OPM as a result of OPM's breach of the OPM/BlueLincs Contract?

b. Defendant United States assertion: Defendant disagrees because the statement assumes that OPM breached the contract, a legal conclusion to which defendant does not agree. Further, BlueLincs already agreed in the Joint Stipulation of Facts that, if any money is owed, it is $364,962, not the higher amount of $369,127.

Respectfully submitted,

/s/ Michael S. Nadel

Michael S. Nadel
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

*Attorneys for Plaintiffs*
*Texas Health Choice, L.C.*
*and Scott & White Health Plan*

/s/ Daniel B. Abrahams

Daniel B. Abrahams
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Suite 700
Washington D.C. 20037
(202) 861-0900

*Attorneys for Plaintiff*
*GHS Health Maintenance Organization, Inc.*
*d/b/a BlueLincs HMO*

Peter D. Keisler
Assistant Attorney General

/s/ David M. Cohen
________________________
David M. Cohen
Director

/s/ Jane W. Vanneman
________________________
Jane W. Vanneman
U.S. Department of Justice
1100 L Street, N.W.
8th Floor
Washington, D.C. 20530
(202) 307-1011

*Attorneys for Defendant*
*United States*