**United States Court of Federal Claims**

| | |
|---|---|
| **GHS Health Maintenance Organization, Inc., d/b/a BlueLincs HMO, Texas Health Choice, L.C., and Scott & White Health Plan,** **Plaintiffs,** | **No. 01-517C** |
| | **Judge Marian Blank Horn** |
| **v.** | |
| **United States,** **Defendant.** | |

**PLAINTIFF GHS HEALTH MAINTENANCE ORGANIZATION, INC.'S MEMORANDUM OF LAW IN SUPPORT OF <u>MOTION FOR SUMMARY JUDGMENT</u>**

Daniel B. Abrahams
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington D.C. 20037
PHONE: (202) 861-0900
FAX: (202) 296-2882
dabrahams@ebglaw.com

Of Counsel:

Constance A. Wilkinson
Michael D. Maloney
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington D.C. 20037
PHONE: (202) 861-0900
FAX: (202) 296-2882

**Table of Contents**


I. INTRODUCTION ........ 1

II. STATEMENT OF THE QUESTIONS INVOLVED ........ 2

A. Is the Final Year Regulation invalid on its face or as applied to BlueLincs here? ........ 2

B. If the Final Year Regulation is invalid, is BlueLincs entitled to recover $369,127, the sum it would have received but for the application of the Final Year Regulation? ........ 2

C. Did the Government breach the BlueLincs Contract? ........ 2

D. Is BlueLincs entitled to recover $369,127 from the Government as a result of the Government's breach of the BlueLincs Contract? ........ 2

III. STATEMENT OF THE CASE ........ 2

A. The Federal Employees Health Benefits Act ........ 2

B. Compensation of Health Plan ........ 2

C. BlueLincs Participation in the Program ........ 3

D. OPM's Refusal to Pay Amounts Owed for BlueLincs' Final Year ........ 4

IV. ARGUMENT ........ 5

A. Standard of Review ........ 5

B. The Final Year Regulation is Invalid on its Face ........ 5

C. The Final Year Regulation is Invalid as Applied to BlueLincs ........ 6

D. The Invalidation of the Final Year Regulation Should Result in Reformation of the Plan's Contracts and Payment of Sums That Would Have Been Due for the Final Year ........ 7

E. OPM breached the OPM/BlueLincs Contract ........ 7

V. CONCLUSION ........ 9

## Table of Authorities

### CASES

*Aerolease Long Beach v. U.S.*
31 Fed. Cl. 342 (1994) .....5

*Boeing v. U.S.*
48 F.2d 854, 202 Ct. Cl. 315 (1973) .....5, 6

*California Federal Bank v. U.S.*,
245 F.3d 1342 (Fed.Cir. 2001).....5

*Eversharp v. U.S.*
125 F. Supp. 244, 129 Ct. Cl. 772 (1954) .....5

*Home Savings v. U.S.*,
51 Fed. Cl. 487 (2002) .....9

*Nordic Bank v. Trend Group, Ltd.*,
619 F. Supp. 542 (S.D.N.Y. 1985).....7

*Omnia Commercial Co. v. U.S.*,
261 U.S. 502, 43 S. Ct. 473, 67 L. Ed. 773 (1923).....9

*Port Authority of St. Paul v. U.S.*,
432 F.2d 455, 193 Ct. Cl. 108 (1970) .....5

### STATUTES

5 U.S.C. § 8902(i) .....1, 5

48 C.F.R. § 1652.216-70(b)(6) .....1, 2, 5, 9

Federal Acquisition Regulation §33.211(g).....5

# I. INTRODUCTION

This case concerns a government regulation that directly conflicts with a statutory provision enacted by Congress. The Federal Employees Health Benefits Act (the "Act") governs health plans servicing federal employees and mandates that the Government compensate health plans at rates that "reasonably and equitably reflect the cost of benefits provided." 5 U.S.C. § 8902(i). Under its contract, GHS Health Maintenance Organization, Inc. d/b/a BlueLincs HMO ("BlueLincs") provided health benefits through the Federal Employees Health Benefits Program (the "Program") from 1986 through 2000. For the first fourteen years, the Government paid BlueLincs rates that reasonably and equitably reflected the cost of the benefits provided. For the health benefits that BlueLincs provided to federal employees in 2000, however, the Government--by its own calculation--underpaid BlueLincs by $369,127.

The Government underpaid BlueLincs for the health benefits provided under the Program in 2000 because the Government followed 48 C.F.R. § 1652.216-70(b)(6) (the "Final Year Regulation"). That regulation purports to prevent the Government from making a payment to a health plan in the final year of the health plan's contract based on any difference between the health plan's estimated rates and its actual rates. Thus, the rates paid to the health plan in the final year of a contract under the Program automatically do **not** reflect the cost of benefits provided. Instead, the rates reflect only the preliminary estimate of that cost. As such, the regulation conflicts with the Act and is invalid. In addition, under the parties' contract, the Government and BlueLincs agreed that in the event there is a conflict between the regulations and the Act, then the parties will give precedence to the Act. Since the Government applied the regulation to prevent payment to BlueLincs, the Government did **not** give precedence to the Act and thus breached the contract.

By its current Motion, BlueLincs seeks summary judgment on the grounds that the regulation is invalid on its face and/or as applied to BlueLincs here. BlueLincs also seeks summary judgment on the grounds that the Government breached the contract involved by violating the Order of Precedence clause.

## II. STATEMENT OF THE QUESTIONS INVOLVED

A. Is the Final Year Regulation invalid on its face or as applied to BlueLincs here?

B. If the Final Year Regulation is invalid, is BlueLincs entitled to recover $369,127, the sum it would have received but for the application of the Final Year Regulation?

C. Did the Government breach the BlueLincs Contract?

D. Is BlueLincs entitled to recover $369,127 from the Government as a result of the Government's breach of the BlueLincs Contract?

## III. STATEMENT OF THE CASE

### A. The Federal Employees Health Benefits Act

BlueLincs adopts and incorporates by reference the portions of Plaintiffs Scott & White Health Plan and Texas Health Choice, L.C.'s Memorandum in Support of Their Motion for Summary Judgment ("Co-Plaintiffs' Brief") describing the Federal Employees' Health Benefits Act and setting forth the manner in which OPM administers the Program and how health plans are compensated under the Program.[1]

### B. Compensation of Health Plan

BlueLincs adopts and incorporates by reference the portion of Co-Plaintiffs' Brief that addresses how health plans are compensated under the Program.

---

[1] The Texas Health and Scott & White cases have been characterized by the parties as the "lead" cases here. As such, in the interests of judicial efficiency and to avoid the needless duplication of effort, BlueLincs will refer to and adopt and incorporate by reference certain portions of the brief submitted by the Co-Plaintiffs in support of their motion for summary judgment to the extent those portions are applicable to BlueLincs.

C. **BlueLincs Participation in the Program**

BlueLincs is a Health Maintenance Organization ("HMO") licensed to do business in the State of Oklahoma. Joint Stipulation of Facts ("Stip.") at ¶14. OPM and BlueLincs entered into Contract No. CS 2074 (the "OPM/BlueLincs Contract") in 1986 under which BlueLincs agreed to provide a health benefit plan to federal employees, annuitants and their dependents in Oklahoma. The OPM/BlueLincs Contract was renewed and amended several times through the contract year 2000. Stip. at ¶15. For fourteen years, then, OPM conducted rate reconciliations and adjusted BlueLincs' rates to ensure that BlueLincs was paid rates that "reasonably and equitably reflected the cost of benefits provided" by BlueLincs. That changed in 2000.

By letter dated April 26, 2000, BlueLincs submitted to OPM documentation for the rate reconciliation process for the contract year 2000. Stip. at ¶16. By letter dated May 2, 2000, BlueLincs submitted to OPM a revised proposal for the rate reconciliation process for the contract year 2000. Stip. at ¶17. This followed the process that BlueLincs had followed for the previous fourteen years.

Just as it had in the prior fourteen years, during the 2000 contract year, OPM calculated a reconciliation amount with respect to BlueLincs. Assuming the plan would be renewed, OPM concluded that BlueLincs was owed $364,962 for 2000. Stip. at ¶18.

By letter dated July 14, 2000, BlueLincs informed OPM that BlueLincs "will no longer be offering BlueLincs HMO to federal employees for 2001." Stip. at ¶19.

By letter dated September 7, 2000, OPM issued a contracting officer's final Decision No. 154 claiming entitlement to $312,867 in lost investment income under a prior settlement between

OPM and BlueLincs[2]. Stip. at ¶20. In telephone conversations on October 2 and 6, 2000, Sherry Simon of OPM's Office of Insurance Programs informed Susan Furgerson ("Hamaker") of BlueLincs that OPM's contract year 2000 rate reconciliation calculation produced a balance due to BlueLincs of $369,127 but that OPM would not pay BlueLincs because BlueLincs had given notice that it would terminate its FEHBP contract. Stip. at ¶47.a. and Affidavit of Susan Hamaker at ¶¶4 and 5. By letter dated October 31, 2000, BlueLincs, through its counsel, requested that OPM offset its lost investment income claim against the funds in the rate reconciliation calculation. Stip. at ¶21.

D. **OPM's Refusal to Pay Amounts Owed for BlueLincs' Final Year**

By letter dated November 15, 2000, Frank D. Titus, Assistant Director for Insurance Programs at OPM, informed BlueLincs' that "Your request to use the reconciliation balance to recover the 1993, 1994, and 1995 Lost Investment Income charges to the Federal Employees Health Benefit Program is denied." Mr. Titus based his conclusion upon the regulation, section 1652.216-70(b)(6). Stip. at ¶23. Mr. Titus essentially determined that the Government would not pay BlueLincs the amounts that OPM had calculated were due to BlueLincs solely because of the Final Year Regulation.

By letter dated July 20, 2001, BlueLincs submitted a certified claim under the Contract Disputes Act to the contracting officer "seeking $314,587 in excess contingency reserve funds withheld by OPM in connection with an audit resolution." Stip. at ¶24. OPM did not respond to that claim. *Id.*

---

[2] OPM and BlueLincs had reached a settlement of a prior dispute under the OPM/BlueLincs Contract, leaving open the question of OPM's entitlement to lost investment income on the settlement amounts. *See* Affidavit of Susan Hamaker, attached as Exhibit A, at ¶3.

By letter dated March 7, 2002, BlueLincs submitted a certified supplemental claim to the contracting officer under the Contract Disputes Act. Stip. at ¶25. OPM did not respond to that claim. *Id.*

Pursuant to Federal Acquisition Regulation §33.211(g), BlueLincs' claim and supplemental claim are deemed denied, and this appeal was timely filed.

## IV. ARGUMENT

### A. Standard of Review

Under Rule 56(c), RCFC, the Court shall grant a motion for summary judgment if the moving party establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See California Federal Bank v. U.S.*, 245 F.3d 1342 (Fed.Cir. 2001).

### B. The Final Year Regulation is Invalid on its Face

BlueLincs adopts and incorporates by reference the argument presented in Co-Plaintiffs' Brief on this ground as if fully set forth herein. Rather than waste the Court's time repeating those argument, BlueLincs relies on the statement of law set forth in Co-Plaintiffs' Brief. For the reasons set forth therein the provision of 48 C.F.R. § 1652.216-70(b)(6) is invalid on its face because it does not "reasonably and equitably reflect the cost of benefits provided" as required by 5 U.S.C. § 8902(i). This Court and its predecessor court clearly have the authority to invalidate a regulation. *Port Authority of St. Paul v. U.S.*, 432 F.2d 455, 458, 193 Ct. Cl. 108, 115 (1970) ("[T]his court … can invalidate … a regulation only if it clearly contradicts the terms or purposes of the statute"). In fact, this Court has considered the validity of regulations on many occasions. *See, e.g., Aerolease Long Beach v. U.S.*, 31 Fed. Cl. 342, 367 (1994); *Eversharp v. U.S.*, 125 F. Supp. 244, 247, 129 Ct. Cl. 772 (1954); and *Boeing v. U.S.*, 48 F.2d

854, 869, 202 Ct. Cl. 315 (1973). BlueLincs seeks declaratory relief that the Final Year Regulations is invalid on its face.

### C. <u>The Final Year Regulation is Invalid as Applied to BlueLincs</u>

BlueLincs also adopts and incorporates by reference the argument presented by Co-Plaintiffs' Brief on this ground as if fully set forth herein. BlueLincs submits the following additional argument in support of its case that the Final Year Regulation is invalid as applied to BlueLincs here.

It was not difficult for OPM to get data from BlueLincs here, because BlueLincs had already submitted all the data to OPM to enable OPM to determine the exact amount that BlueLincs was underpaid. BlueLincs submitted the information to OPM on April 26, 2000 and May 2, 2000. And, OPM took that data and "calculated a reconciliation amount with respect to BlueLincs." Assuming the plan would be renewed, OPM concluded that BlueLincs was owed $364,962 for 2000. Stip. at ¶18. It cannot reasonably be disputed that OPM had obtained all the data it needed to conduct a reconciliation of BlueLincs' rates by the time it determined the amount BlueLincs was owed.

Moreover, even if OPM did not obtain adequate data to enable it to perform that calculation--a point which BlueLincs disputes--it still would not have been difficult for OPM to obtain the data from BlueLincs. BlueLincs complied with the requirements of the OPM/BlueLincs Contract and maintained records for five years after termination. Affidavit of Susan Hamaker at ¶8. *See also* the OPM/BlueLincs Contract at Section 3.4.

OPM's second rationale for the Final Year Regulation also is inapplicable to BlueLincs. BlueLincs was in business and continued to perform under the OPM/BlueLincs Contract in 2000. Stip. at ¶26. And, BlueLincs still is in business today. Affidavit of Susan Hamaker at ¶9.

There is no justification for OPM to apply the Final Year Regulation to BlueLincs in these circumstances, even if the regulation is somehow valid against some other plan somewhere. BlueLincs seeks declaratory relief that the Final Year Regulation is invalid as applied to BlueLincs.

### D. **The Invalidation of the Final Year Regulation Should Result in Reformation of the Plan's Contracts and Payment of Sums That Would Have Been Due for the Final Year**

BlueLincs adopts and incorporates by reference the arguments made in Co-Plaintiffs' Brief that their contracts should be reformed to the extent those arguments are applicable to the OPM/BlueLincs Contract.

### E. **OPM breached the OPM/BlueLincs Contract**

At the September 16, 2005 hearing in this matter, the Court noted the two streams of argument applicable here: (1) the inquiry into the validity or invalidity of the regulation; and (2) the contract interpretation issue. BlueLincs submits that a proper interpretation of the OPM/BlueLincs Contract – and specifically the clause in that contract that is mandated by the Final Year Regulation – leads to a finding that the Government breached the OPM/BlueLincs Contract. That analysis follows.

To prevail on a breach of contract claim, a plaintiff must establish the following elements: (1) the existence of a contract; (2) due performance of the contract by plaintiff; (3) breach of the contract by defendant; and (4) damages resulting for the defendant's breach. *See Nordic Bank v. Trend Group, Ltd.*, 619 F.Supp. 542, 561 (S.D.N.Y. 1985).

Here, there is no real dispute that a contract existed and that BlueLincs performed under that contract in 2000. See Stip. at ¶¶15, 26 and Affidavit of Susan Hamaker at ¶7. The only dispute here seems to concern whether the Government breached the OPM/BlueLincs Contract.

The OPM/BlueLincs Contract provided:

> The applicable provisions of (1) chapter 89 of title 5, United States Code; (2) OPM's regulations as contained in part 890, title 5, Code of Federal Regulation; and (3) chapters 1 and 16 of title 48, Code of Federal Regulations constitute a part of this contract as if fully set forth herein, and the other provisions of this contract shall be construed so as to comply therewith.

OPM/BlueLincs Contract, Section 1.4(a), BlueLincs Appendix at 245. The OPM/BlueLincs Contract also provided:

> Any inconsistency in this contract shall be resolved by giving precedence in the following descending order: The Act [the Federal Employees Health Benefits Act], the regulations in part 890, title 5, Code of Federal Regulations, the regulations in chapters 1 and 16, title 48, Code of Federal Regulations, and this contract.

OPM/BlueLincs Contract, Section 1.3, BlueLincs Appendix at 245.

As demonstrated above, there is a conflict between the Act and the Final Year Regulation. In short, the Act requires that the Government pay rates that reasonably and equitably reflect the cost of benefits provided. In contrast, the Final Year Regulation purports to prohibit that from occurring in the contract's final year. As noted above, the Final Year Regulation is invalid on its face and as applied. It is thus not controlling and in any case, pursuant to Section 1.3 of the OPM/BlueLincs Contract, the "Act" takes precedence over the Final Year Regulation.

When OPM failed to pay to BlueLincs the amounts that OPM had calculated would be due to BlueLincs if it had renewed the OPM/BlueLincs Contract, then OPM did not pay BlueLincs rates that "reasonably and equitably reflected the cost of the benefits provided." When OPM failed to pay to BlueLincs the amounts that OPM had calculated would be due to BlueLincs if it had renewed the OPM/BlueLincs Contract, then OPM improperly gave precedence to the Final Year Regulation over the Act. When OPM failed to pay to BlueLincs the

amounts that OPM had calculated would be due to BlueLincs if it had renewed the OPM/BlueLincs Contract, then OPM violated Section 1.3 of the contract. When OPM failed to pay to BlueLincs the amounts that OPM had calculated would be due to BlueLincs if it had renewed the OPM/BlueLincs Contract, then OPM breached the contract.

If OPM had complied with Section 1.3 of the OPM/BlueLincs Contract, then OPM would have given precedence to the Act over the Final Year Regulation and OPM would have paid to BlueLincs the amounts that OPM had calculated were owed to BlueLincs. It is therefore beyond dispute that BlueLincs was damaged as a result of OPM's breach of contract. BlueLincs is entitled to recover damages in the amount of $369,127[3] as a result of OPM's breach of the OPM/BlueLincs Contract[4].

## V. CONCLUSION

The Final Year Regulation, 48 C.F.R. § 1652.216-70(b)(6), irreconcilably conflicts with the Health Benefits Act, both facially and as applied to BlueLincs. Reformation of the contract is an appropriate remedy. Or in the alternative, the Court should hold that the failure to pay is a breach of contract. Therefore, BlueLincs, for the above stated reasons, respectfully requests that this Court grant its motion for summary judgment.[5]

---

[3] The quantum of damages to which BlueLincs is entitled as a result of the Government's breach is not really in dispute. At a minimum, the Government agrees that BlueLincs would have been entitled to $364,962 based on a rate reconciliation calculation the Government performed. *See* Stip. at ¶18. And, BlueLincs has presented unrebutted evidence that the Government told BlueLincs that that calculation showed that $369,127 would have been owed to BlueLincs. *See* Stip. at ¶47.a and Affidavit of Susan Hamaker at ¶4 and 5. Unless the Government presents some evidence this sum is in dispute, then the Court should award BlueLincs summary judgment for the full amount of the damages.

[4] BlueLincs does not have a constitutional "takings" claim against the Government under the law. *See Omnia Commercial Co. v. U.S.*, 261 U.S. 502, 43 S.Ct. 473, 67 L.Ed. 773 (1923); and *Home Savings v. U.S.*, 51 Fed. Cl. 487 (2002). Nevertheless, the claim here is akin to a takings claim, where the government is depriving BlueLincs of a property right in the form of amounts due under the OPM/BlueLincs Contract. Of course, the remedy available to BlueLincs--monetary damages for the Government's breach--is adequate here.

[5] Plaintiff BlueLincs reserves all arguments on the contract interpretation issues related to Count I of its Second Amended Complaint. Those issues by agreement of the parties and Order of this Court have been reserved for a

Respectfully submitted,

Dated: December 22, 2005

s/ Daniel B. Abrahams
Daniel B. Abrahams
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington D.C. 20037
PHONE: (202) 861-0900
FAX: (202) 296-2882
dabrahams@ebglaw.com

Of Counsel:

Constance A. Wilkinson
Michael D. Maloney
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington D.C. 20037
PHONE: (202) 861-0900
FAX: (202) 296-2882

subsequent proceeding, if that is necessary.

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 22nd day of December, 2005, I caused to be placed in the United States mail (first class mail, postage prepaid) a copy of the Plaintiff GHS Health Maintenance Organization, Inc.'s Memorandum of Law in Support of Motion for Summary Judgment addressed as follows:

Michael S. Nadel
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005

Jane W. Vanneman, Esq.
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
ATTN: Classification Unit, 8th Floor
1100 L Street, NW
Washington, DC 20530

s/ Daniel B. Abrahams