IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GHS HEALTH MAINTENANCE ORGANIZATION, INC. d/b/a BlueLincs HMO, Plaintiff, | ) | |
| TEXAS HEALTH CHOICE, L.C., Plaintiff, | ) | Nos. 01-517C, 05-371C, 05-963C (Judge Horn) |
| SCOTT & WHITE HEALTH PLAN, Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH THE PARTIES WOULD FILE THE REMAINING BRIEFS ON DISPOSITIVE MOTIONS

Introduction

Defendant, on behalf of the parties, respectfully requests that this Court grant the parties an enlargement of time of approximately three weeks, for each of the remaining filing dates established in the Court's scheduling order dated November 21, 2005. This is the second request for an enlargement of time for this purpose, the first motion for approximately two weeks having been granted. All counsel have consulted and agreed upon this revised schedule, given the responsibilities of counsel in other cases and other work matters. The parties propose the

following revised schedule:

| | |
|---|---|
| February 17, 2006 | Defendant's Cross Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment |
| March 31, 2006 | Plaintiffs' Reply Brief |
| April 21, 2006 | Defendant's Reply Brief |

1. Matters Relating To This Case

Counsel for defendant is counsel of record in three related cases: GHS Health Maintenance Organization, Inc. v. United States, Texas Health Choice v. United States, and Scott & White Health Plan v. United States, No. 01-517C, 05-371C, 05-963C (Fed. Cl.). By order dated November 21, 2005, the Court issued a revised scheduling order.

In October, 2005, defendant filed the Appendix in these cases. In November, 2005, the parties filed the Joint Stipulation of Facts and Joint Statement of Issues of Law. On December 22, 2005, plaintiffs filed their motions for summary judgment. The next due date is January 25, 2006, by which date defendant is required to file its cross motion for summary judgment and opposition to plaintiffs' motion for summary judgment.

Since receipt of plaintiffs' dispositive motions, counsel for defendant, and agency counsel, have been working diligently on our brief. While there is partial rough draft prepared, we require additional time within which to evaluate the factual and legal arguments made by the three plaintiffs in this case, conduct additional legal research, consult further with the agency, complete the draft, and secure review within the Department of Justice, before filing the brief.

2. Other Responsibilities of Counsel for Defendant

As explained below, since the first motion for an enlargement of time was filed, on November 17, 2005, counsel for defendant was faced with unanticipated deadlines in other cases.

In Chevron v. United States, No .04-1365 (Fed. Cl.), the court scheduled a second oral argument on dispositive motions, after supplemental briefing was filed and Chevron engaged new counsel of record. Counsel for defendant was required to prepare for, and present, oral argument, held on December 16, 2005.

In early December 2005, the United States Court of Appeals for the Eighth Circuit scheduled oral argument in Ace Property & Casualty Insurance Company et al v. Federal Crop Insurance Corporation et al,, No. 05-2321 (8th Cir.), for January 11, 2006, in St. Louis, Missouri. Counsel had anticipated oral argument later in the spring of 2006. The case involved an appeal from a decision issued by the United States District Court for the Southern District of Iowa. Ace Property & Casualty Insurance Co. v. Federal Crop Ins. Corp., 357 F.Supp.2d 1140 (S.D. Iowa 2005). Preparation for oral argument also required review of a decision dated December 21, 2005, by the Agriculture Board of Contract Appeals, Ace Property & Casualty Insurance Company et al, AgBCA Nos. 2004-173-F through 2004-184-F (December 21, 2005) (see www.usda/gov/bca), a case brought by the same insurance companies in the district court action and also the action that the United States Court of Federal Claims dismissed. See Ace Property & Casualty Insurance Company et al v. Federal Crop Insurance Corporation et al, 60 Fed. Cl. 175 (2004), aff'd, 138 Fed. Appx. 308 (Fed. Cir. 2005). Counsel for defendant has been

counsel in all these cases (except before the AgBCA) and a substantial amount of time was required to prepare for and present oral argument. Moreover, counsel for the insurance companies represented to the Eighth Circuit that they would file (by mid to late January) a motion for reconsideration before the AgBCA; counsel will be required to coordinate with agency counsel in connection with the Government's response to the motion for reconsideration.

Further, more time than anticipated was required for matters relating to the notice of appeal that the Government filed in Carabetta v. United States, No 06-5037 (Fed. Cir.)(cross appeal filed). See Carabetta v. United States, 68 Fed. Cl. 410 (2005)(damages); Carabetta v. United States, 58 Fed. Cl. 563 (2003)(liability). Counsel was required to consult with the agency and prepare the memorandum for the Solicitor General relating to appeal matters. The Government's brief presently is due on February 20, 2006.

Moreover, Lockheed Martin filed its notice of appeal in the United States Court of Appeals for the Fourth Circuit in Lockheed Martin Corp. v. Defense Contract Audit Agency, No. 06-1012 (4th Cir.); see Lockheed Martin Corp. v. Defense Contract Audit Agency, 397 F.Supp. 2d 659 (D. Md. 2005). Appellants' brief is due on February 13, 2006, with the Government's brief due thirty days after service, or, in mid-March 2006. Counsel of record handled the case before the district court, and will handle the appeal

In addition, counsel is required frequently to coordinate with agency counsel and several Assistant United States Attorneys in connection with several cases filed by peanut producers with crop insurance claims. E.g., Texas Peanut Farmers v. United States, 409 F.3d 1370 (Fed. Cir. 2005); Texas Peanut Farmers v. United States, No. 03-445C (Fed. Cl.); In re Peanut Crop Insurance Litigation, 342 F.Supp.2d 1353 (JPML, 2004); Barnhill et al. v. Ross J. Davidson et al,

No. 4:02-159 (E.D. N.C.). On January 26, 2006, the Judicial Panel on Multidistrict Litigation will consider (without oral argument) plaintiffs' recent motion to transfer all of the claims of the plaintiffs in the Court of Federal Claims case to the Eastern District of North Carolina (the Barnhill case), with a decision by the JPML expected shortly thereafter. Counsel anticipates additional work in connection with these cases after the JPML decision, whether the JPML grants plaintiffs' motion to transfer the claims to the Eastern District for North Carolina, or denies the motion, leaving the claims of plaintiffs in the Court of Federal Claims action to be transferred to other district courts. Further, counsel anticipates that the district court in Barnhill will issue a decision in the very near future on plaintiffs' motion for national class certification, and damages issues; counsel will then be required to work on a memorandum for the Solicitor General relating to appeal matters.

## Conclusion

Accordingly, defendant respectfully requests that this Court grant the parties an enlargement of time of approximately three weeks, for the filing dates for dispositive motions, with the following new scheduling order:

| | |
|---|---|
| February 17, 2006 | Defendant's Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment |
| March 31, 2006 | Plaintiff's Reply Brief |
| April 21, 2006 | Defendant's Reply Brief |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/David M. Cohen
DAVID M. COHEN
Director

SUSAN WHITMAN, Esq.
JILL GERSTENFIELD, Esq.
Office of Personnel Management
Washington, D.C.

/s/Jane W. Vanneman
JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Phone: (202) 307-1011
Fa x: (202) 514-8624

January 19, 2006

CERTIFICATE OF FILING

I hereby certify that on this 19th day of January, 2006, a copy of the foregoing "MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH THE PARTIES WOULD FILE THE REMAINING BRIEFS ON DISPOSITIVE MOTIONS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Jane W. Vanneman