IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GHS HEALTH MAINTENANCE ORGANIZATION, INC. d/b/a BlueLincs HMO, | ) | |
| Plaintiff, | ) | No. 01-517C, 05-371C, 05-963C |
| | ) | (Judge Horn) |
| TEXAS HEALTH CHOICE, L.C., | ) | |
| Plaintiff, | ) | |
| SCOTT & WHITE HEALTH PLAN | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO FILE
A BRIEF IN EXCESS OF THE PAGE LIMIT

Defendant respectfully requests that this Court permit it to file a brief of approximately sixty (60) pages, which is ten pages in excess of the fifty-page limit for a cross motion for summary judgment and an opposition to plaintiffs' motion for summary judgment. Rule 5.2(b)(1).

In support of this motion, defendant states that there are several reasons for the additional pages. We are required to explain the statutory, regulatory, and contractual provisions that govern this dispute. The statute governing matters relating to the Federal Employees Health Benefits Act (FEHBA), 5 U.S.C. §8901 et seq., and the regulation at issue 48 C.F.R. §1652.216-

70(b)(6), involve complex matters. Similarly, the methodology that the Office of Personnel Mangement (OPM) utilizes in administering the FEHBA for community rated carriers, the rate reconciliation process for community rated carriers, and the non-reconciliation of rates in the final year of nonrenewal, are also complex. Moreover, there have been legal and other changes to these matters over the pertinent period involved (from the late 1980s through 2001), which we explain in our brief.

Because these cases involve review of the promulgation of the regulation under the Administrative Procedure Act (APA), 5 U.S.C. §706, we are required to explain the standard of review and caselaw governing the APA aspect of the cases. Further, because the contracts are governed by the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§601 et seq., we are required to set forth the standard of review for the contractual parts of the disputes.

In addition, plaintiffs, in their motions, did not address several important legal theories, which we are required to brief. These issues include waiver and laches.

Finally, there are three plaintiffs in this consolidated case. One plaintiff, GHS Bluelincs, raised an argument (contract breach) not raised by the other two plaintiffs, Texas Health Choice and Scott & White Health Plan. We were required to address that additional issue raised by Bluelincs.

Conclusion

Accordingly, defendant respectfully requests that this Court permit defendant to file a brief of approximately sixty pages, ten pages in excess of the page limit under Rule 5.2(b)(1).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ David M. Cohen
DAVID M. COHEN
Director

SUSAN WHITMAN, Esq.
JILL GERSTENFIELD, Esq.
U.S. Office of Personnel Management
Washington D.C.

/s/ Jane W. Vanneman
JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Phone: (202) 307-1011
Fax: (202) 514-8624

February 17, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2006, a copy of the foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE A BRIEF IN EXCESS OF THE PAGE LIMIT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.