**United States Court of Federal Claims**

| | |
|---|---|
| **GHS Health Maintenance Organization, Inc., d/b/a BlueLincs HMO, Texas Health Choice, L.C., and Scott & White Health Plan,** **Plaintiffs,** **v.** **United States,** **Defendant.** | **No. 01-517C** **Judge Marian Blank Horn** |

**BLUELINCS MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE DECLARATION OF NANCY H. KICHAK**

Plaintiff GHS Health Maintenance Organization, Inc. d/b/a BlueLincs HMO ("BlueLincs"), by counsel, submits the following Memorandum of Law in Support of Motion To Strike Declaration of Nancy H. Kichak.

Plaintiffs, Scott & White Health Plan and Texas Health Choice, L.C., have filed a Motion to Strike the Declaration of Nancy Kichak and References Thereto in Defendant's Memoranda ("Scott & White Motion to Strike") on various grounds. BlueLincs adopts and incorporates by reference the grounds set forth in the Scott & White Motion to Strike as if fully set forth herein.

BlueLincs also asserts that the Declaration, or portions thereof, should be stricken because it violates RCFC 56(e). That rule states:

> Supporting and opposing affidavits shall be made on personal knowledge [and] shall set forth such facts as would be admissible in evidence.

RCFC 56(e). *See also Adarbe v. U.S.*, 58 Fed.Cl. 707, 711 n. 1 (2003).

The Declaration of Nancy H. Kichak (the "Kichak Declaration") violates this provision. The Kichak Declaration states: "I, Nancy H. Kichak, declare as follows, based on personal knowledge *and information available to me as a result of my official duties*." Kichak Declaration at p. 1 (emphasis added). While the declaration initially purports to be based on personal knowledge, it then goes on to also say it is based on information available. It is not clear if this other information is hearsay or otherwise inadmissible into evidence and it is not possible to segregate the assertions in the declaration into the admissible portions. Thus, on its face, the Kichak Declaration violates Rule 56(e) because the Rule does not permit an affiant to testify to matters that are based on information available to her (such as that told her by third parties) as a result of her official duties.

In addition, as noted in the Scott & White Motion to Strike, the Kichak Declaration contains "argument" that would not be admissible in evidence.

For the reasons set forth in the Scott & White Motion to Strike and for these additional reasons, the Kichak Declaration should be stricken from the record.

Respectfully submitted,

Dated: March 31, 2006

_s/Daniel B. Abrahams________

Daniel B. Abrahams
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington D.C. 20037
PHONE: (202) 861-0900
FAX: (202) 296-2882
dabrahams@ebglaw.com

Of Counsel:

Constance A. Wilkinson
Michael D. Maloney
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington D.C. 20037
PHONE: (202) 861-0900
FAX: (202) 296-2882

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 31st day of March, 2006, I caused to electronically served a copy of BlueLincs Memorandum of Law in Support of Motion to Strike Declaration of Nancy H. Kichak on the following:

Michael S. Nadel
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
mnadel@mwe.com

Jane W. Vanneman, Esq.
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
ATTN: Classification Unit, 8th Floor
1100 L Street, NW
Washington, DC 20530
Jane.vanneman@usdoj.gov

_s/Daniel B. Abrahams________