# Exhibit BB

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SCOTT & WHITE HEALTH PLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 01-1824 (JGP) |
| | ) | |
| U.S. OFFICE OF PERSONNEL MANAGEMENT | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S ANSWER AND DEFENSES**

Defendant, U.S. Office of Personnel Management, by and through the undersigned counsel, hereby answers Plaintiff's Complaint (the "Complaint") as follows:

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

The Court lacks subject matter jurisdiction over this matter.

**Third Defense**

Plaintiff is not entitled to an award of costs or attorney's fees in this matter.

**Fourth Defense**

Plaintiff has failed to exhaust administrative remedies.

**Fifth Defense**

As a separate and further defense to the numbered paragraphs of Plaintiff's Complaint, the Federal Defendant specifically answers as follows:

**ANSWER**

1. The allegation contained at paragraph 1 characterizes the complaint and requires no

Case 1:01-cv-00518-MHS Document 59-3 Filed 01/31/2006 Page 2 of 5

response. Deny to the extent that the complaint characterizes federal regulation as in conflict with federal law.

2. Aver insufficient information with which to admit or deny.

3. Admit.

4. The allegation contained at paragraph 4 is a conclusion of law to which no response is required. To the extent the allegation may be deemed an allegation of fact, admit the allegation to the extent supported by law.

5. The allegation contained at paragraph 5 is a conclusion of law to which no response is required. To the extent the allegation may be deemed an allegation of fact, admit the allegation to the extent supported by law.

6. Admit.

7. Admit.

8. Admit, to the extent that compensation generally refers to premium payments.

9. Admit.

10. Admit.

11. Deny. Aver that each May, community-rated carriers propose community rates for the following year.

12. Deny. Aver that once the community rate proposals are approved, OPM compensates its carriers at the proposed rates during the contract year.

13. Deny. Aver that beginning in April of the contract year, community-rated carriers and OPM engage in a process to reconcile the community rates currently in force with the actual rates the carrier should have been paid. The actual rates are derived after reviewing the methodology and discounts used to derive the rates charged to other similarly sized subscriber groups.

14. Deny. Aver that, generally, subject to the allegation set forth at item 15, at the conclusion of the reconciliation process, one of two things happen: If it is determined that the rates currently in force were higher than the reconciled rates, the carrier pays the Government the difference, through lower rates in subsequent years, or by cash payment. If it is determined that the rates currently in force were lower than the reconciled rates, the Government pays the carrier the difference through higher rates in subsequent years, or by cash payment from the contingency reserve to the extent that funds are available.

15. Admit first sentence. Deny second sentence. Aver that with respect to the year in which the contract is not renewed, neither party is paid the difference between the rates in force and the reconciled rates. With respect to third sentence, deny characterization of referenced result as "purportedly;" otherwise admit.

16. Admit that the quoted portion of the allegation set forth at item 16 is a rationale for the regulation; deny its characterization as the principal rationale.

17. Admit to the extent consistent with the contract, which is the best evidence of its contents.

18. Deny first sentence. Aver that in July 1999, before the carrier notified OPM that it would not renew its contract in the subsequent year, OPM's Office of the Actuary informed Scott & White of the exact amount that the Government would owe from the 1999 rate reconciliation process, assuming renewal of the contract. Admit second sentence.

19. Deny. Aver that of the $5,461,752 which would have been owed by the Government had the carrier renewed its contract in 1999, $3,625,752 was attributable to the reconciliation process described at item 13 above. OPM determined that $1,835,970 was due to the carrier as the result of reduced premium offsets given to the Government in 1999.

20. Deny. Plaintiff gave written notice of nonrenewal of the contract on September 22, 1999.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Deny.

26. Admit to the extent applicable to community-rated carriers, otherwise deny.

27. Deny.

28. Deny.

29. Deny.

30. Incorporate Answer at item 16.

31. With respect to the first sentence of the allegation set forth at item 31, deny characterization of difficulty of obtaining data; admit that OPM has calculated the amount. Admit second sentence of the allegation.

32. The allegation contained at item 32 is a conclusion of law to which no response is required. To the extent the allegation may be deemed an allegation of fact, admit the allegation to the extent supported by law.

33. Admit that the quoted portion of the allegation set forth at item 33 is a rationale for the regulation; deny that it is the only other rationale.

34. Aver insufficient information with which to admit or deny.

35. Deny.

Prayer for Relief:

1. Deny that plaintiff is entitled to declaratory relief.

2. Deny that plaintiff is entitled to attorney fees, costs, disbursements, or other or further relief.

Defendant denies each and every allegation of the complaint not expressly admitted in the answer.

Defendant respectfully requests and reserves the right to amend, alter and supplement the defenses contained in this answer as the facts and circumstances giving rise to the complaint become known to it through the course of the litigation.

WHEREFORE, having fully answered, Defendant respectfully prays that this action be dismissed with prejudice, and that the Court grant Defendant its costs and such other and further relief as may be appropriate.

Respectfully submitted,

__________________________________

ROSCOE C. HOWARD, JR Bar #246470
United States Attorney for the
District of Columbia

__________________________________

VINCENT H. COHEN, JR, Bar#471489
Assistant United States Attorney
United States Attorney's Office for
the District of Columbia
Civil Section, 10th Floor
555 Fourth Street, N.W.
Washington, D.C. 20001
Tele: (202) 307-0406
Attorneys for Defendant

January 11, 2002