# Exhibit CC

FILED - CLERK
U.S. DISTRICT COURT
APR -2 AM 11: 14
TX EASTERN - LUFKIN
BY DH

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| TEXAS HEALTH CHOICE, | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION No. 9:03-CV-14 |
| | § | JUDGE THAD HEARTFIELD |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, | § | |
| Defendant. | § | |

**FEDERAL DEFENDANT'S ANSWER**

Answering specifically the numbered paragraphs of the complaint utilizing the same paragraph numbering, the Federal defendant states as follows:

1. The allegation contained at item 1 characterizes the complaint and requires no response. Deny to the extent that the complaint characterizes federal regulation as in conflict with federal law.
2. Aver insufficient information with which to admit or deny.
3. Admit.
4. The allegation contained at item 4 is a conclusion of law to which no response is required. To the extent the allegation may be deemed an allegation of fact, the allegation is denied.
5. The allegation contained at item 5 is a conclusion of law to which no response is required. To the extent the allegation may be deemed an allegation of fact, admit the allegation to the extent supported by law.

6

6. Admit.

7. Admit.

8. Admit that the Contract was part of FEHB. Conclusions of law are denied.

9. Admit, for this item and for all items that follow, to the extent that compensation generally refers to premium payments.

10. Admit.

11. Admit.

12. Deny. Aver that each May, community-rated carriers propose community rates for the following year.

13. Deny. Aver that once the community rate proposals are approved, OPM compensates its carriers at the proposed rates during the contract year.

14. Deny. Aver that beginning in April of the contract year, community-rated carriers and OPM engage in a process to reconcile the community rates currently in force with the actual rates the carrier should have been paid. The actual rates are derived after reviewing the methodology and discounts used to derive the rates charged to other similarly sized subscriber groups.

15. Deny. Aver that, generally, subject to the allegation set forth at item 16, at the conclusion of the reconciliation process, one of two things happen: If it is determined that the rates currently in force were higher than the reconciled rates, the carrier pays the Government the difference, through lower rates in subsequent years, or by cash payment. If it is determined that the rates currently in force were lower than the reconciled rates, the Government pays

the carrier the difference through higher rates in subsequent years, or by cash payment from the contingency reserve to the extent that funds are available.

16. Admit first sentence. Deny second sentence. Aver that with respect to the year in which the contract is not renewed, neither party is paid the difference between rates in force and the reconciled rates. With respect to the third sentence, deny characterization of referenced result as "purportedly;" otherwise, admit.

17. Admit that the quoted portion of the allegation set forth at item 16 is a rationale for the regulation; deny its characterization as the principal rationale.

18. Admit to the extent consistent with the contract, which is the best evidence of its contents.

19. Deny. Aver that before the carrier notified OPM that it would not renew its contract in the subsequent year, OPM's Office of the Actuary informed Texas Health Choice of the exact amount that the Government would owe from the rate reconciliation process, assuming renewal of the contract.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Deny.

26. Admit to the extent applicable to community-rated carriers, otherwise deny.

27. Admit for all community-rated contracts.

28. Deny.

29. Deny.

30. Deny.

31. Incorporate answer at item 16.

32. With respect to the first sentence of the allegation set forth at item 31, deny characterization of difficulty of obtaining data; admit that OPM has calculated the amount. Admit second sentence of allegation.

33. The allegation contained at item 32 is a conclusion of law to which no response is required. To the extent the allegation may be deemed an allegation of fact, admit the allegation to the extent supported by law.

34. Admit that the quoted portion of the allegation set forth at item 33 is a rationale for the regulation; deny that it is the only other rationale.

35. Aver insufficient information with which to admit or deny.

36. Deny.

**Prayer for Relief:**

1. Deny that plaintiff is entitled to declaratory relief.

2. Deny that plaintiff is entitled to attorney fees, costs, disbursements, or other or further relief.

**Affirmative Defenses:**

For its affirmative defenses, OPM alleges as follows:

1. On October 20, 1989, OPM published a proposed rulemaking action with regard to the Federal Employees Health Benefits Acquisition Regulation; Revision of Contract Clauses and Community Rating Practices. 54 Fed. Reg. 43089-01. The publication of this proposed rulemaking action complied with the requirements of the Administrative Procedure Act,

5 U.S.C. § 553. Texas Health Choice was a carrier participating in the FEHBP and maintaining a contract subject to these regulations as of that date.

2. OPM accepted public comment on these regulations and considered the comments in promulgating its final rulemaking action.

3. OPM's final rulemaking action sets forth a general statement of the basis and purpose for the final rule, including a statement to the effect that the agency had experienced administrative difficulties with reconciliation in the final years of a contract. For this reason, OPM concluded that it was reasonable for the agency to eliminate the reconciliation process in the year that a contract is not renewed. In its final rule, OPM placed the burden of risk, as a result of non-reconciliation in the event of non-renewal, equally on the Government and the carrier.

4. The regulatory provision is incorporated into the contract between OPM and the Plaintiff.

5. Affected carriers, including Plaintiff, had an opportunity to comment on the proposed contract language.

6. The contract between OPM and the Plaintiff is an arm's length government procurement contact.

7. OPM's rejection of Plaintiff's certified claim is lawful based on the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 *et seq.* and its regulations including Federal acquisition regulations set forth at 48 C.F.R. Ch. 16.

8. OPM's rejection of Plaintiff's certified claim is lawful based on the Contract between OPM and the Plaintiff.

The Federal defendant hereby specifically deny all the allegations of the complaint not hereinbefore otherwise answered.

Respectfully submitted,

MATTHEW D. ORWIG
UNITED STATES ATTORNEY

MICHAEL W. LOCKHART
Assistant United States Attorney
TBC# 12472200
350 Magnolia Ave. Suite 150
Beaumont, Texas 77701-2237
Telephone: (409) 839-2538
Facsimile: (409) 839-2643

**ATTORNEY FOR DEFENDANT**

Dated: April 1, 2003

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 1st day of April, 2003, a copy of the foregoing ***Federal Defendant's Answer***, was served, postage pre-paid, via certified mail, return receipt requested, to Plaintiff's counsel as follows:

Mr. Gilbert I. Low
Mr. Howard L. Close
Orgain, Bell & Tucker
470 Orleans Street
Beaumont, TX 77701

Michael Lockhart

MICHAEL W. LOCKHART
Assistant United States Attorney