# United States Court of Federal Claims

| | |
|---|---|
| **GHS Health Maintenance Organization, Inc., d/b/a BlueLincs HMO, Texas Health Choice, L.C., and Scott & White Health Plan,** ***Plaintiffs,*** *v.* **United States,** ***Defendant.*** | **No. 01-517C** **Judge Marian Blank Horn** |

**Plaintiffs Scott & White Health Plan and Texas Health Choice, L.C.'s Motion to Strike the Declaration of Nancy Kichak and References Thereto in Defendant's Memoranda**

Plaintiffs Scott & White Health Plan and Texas Health Choice, L.C., respectfully move the Court for an Order striking from the record of this case the Declaration of Nancy H. Kichak (Supplemental Appendix pages 1-7, docket document #44, filed December 6, 2005) and all references to that Declaration in Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment (and any memorandum Defendant files in the future).

The grounds for this motion are set forth in the accompanying memorandum.

March 31, 2006

Respectfully submitted,

Michael S. Nadel
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

*Attorney for Plaintiffs*
*Scott & White Health Plan*
*and Texas Health Choice, L.C*

# United States Court of Federal Claims

| | |
|---|---|
| **GHS Health Maintenance Organization, Inc., d/b/a BlueLincs HMO, Texas Health Choice, L.C., and Scott & White Health Plan,** *Plaintiffs*, | **No. 01-517C** |
| *v.* | **Judge Marian Blank Horn** |
| **United States,** *Defendant*. | |

**Memorandum in Support of**
**Plaintiffs Scott & White Health Plan and Texas Health Choice, L.C.'s**
**Motion to Strike the Declaration of Nancy Kichak and**
**References Thereto in Defendant's Memoranda**

## Introduction

In its papers supporting its cross-motion for summary judgment, OPM relies extensively on a declaration by Nancy Kichak, the Director of Actuaries, Retirement and Insurance Service for OPM. The declaration is dated May 6, 2002, and was originally filed as part of Scott & White's action in the U.S. District Court for the District of Columbia, which was subsequently transferred to this Court. Plaintiffs Scott & White Health Plan ("Scott & White") and Texas Health Choice, L.C. ("Texas Health") have moved this Court to strike the declaration and all references in OPM's brief that rely on it.

**Background and Argument**

OPM cites the Kichak Declaration throughout its recitation of the facts of this case (specifically, on page 12, 17, 18, 19, 20, 23, 24, 26, 27, and 43). Indeed, far more than anything in the administrative record, the Kichak Declaration serves as the main basis for OPM's defense of the Final Year Regulation. However, the declaration contains "facts" that have no support whatsoever in the administrative record. For example:

- Paragraph 14 states: "The Office of the Actuaries does not have the resources, and it is not that Office's operational function, to look behind [the data submitted by the health plans in the reconciliation process] or to verify that they are correct and appropriate to use for purposes of negotiation and reconciliation." Nothing in the administrative record purports to support that contention.

- Paragraph 20 states: "When a contract is not renewed OPM's experience has been that its access to carrier data and records is constrained in a variety of ways." The administrative record contains information about <u>two</u> plans – out of <u>hundreds</u> that participate in the Program – that were unable to provide adequate data to OPM upon their exit. The remainder of Paragraph 20 is utterly without support in the administrative record.

- Paragraph 21 makes claims about "financial disincentives" that are not mentioned or even remotely alluded to in the administrative record.

- Paragraph 22 asserts that "OPM found that it was unable to obtain adequate data to reconcile rates for a variety of plans." In fact, the administrative record contains evidence of only two plans for which OPM had difficulty obtaining adequate data. Nothing in the administrative record suggests this occurred in any cases beyond those described in Paragraphs 23 and 24.

- Paragraph 25 is composed of *post hoc* rationales not found anywhere in the administrative record.
- Paragraph 27 contains a discussion of "incentives" that does not appear in the administrative record.

This Court should strike the Kichak Declaration and disregard all arguments in OPM's brief that rely on it. Neither the declarations nor the arguments therein are part of the administrative record. They cannot be considered in assessing the validity of the Final Year Regulation. *See, e.g.*, *Tripoli Rocketry Ass'n v. ATF*, 437 F.3d 75, 2006 U.S. App. LEXIS 3249, at *23 (D.C. Cir. Feb. 10, 2006) ("For obvious reasons, this affidavit in no way aids the agency's cause in this case. For one thing, the affidavit was not taken until after litigation in this case commenced. It is therefore not a part of the agency record under review."); *Corel Camp v. United States*, 165 F. Supp. 2d 12, 30-31 (D.D.C. 2001) ("Corel has submitted lengthy declarations authored by . . . a retained economist, which attack each of the purported justifications DOL offered in support of its decision to standardize to Microsoft. The government has moved to strike the . . . declarations, noting that review of an agency's actions is normally limited to an examination of the administrative record. . . . I agree that the declarations must be stricken.").

In the district court, three years before Scott & White's case was transferred, Scott & White served the Government with interrogatories. *See* Exhibit A. Interrogatory #3 asked:

> Please identify all rationales for 48 C.F.R. § 1652.216-70(b)(6).
> Please state which, if any, of the rationales for 48 C.F.R. §

> 1652.216-70(b)(6) is the principal rationale, and please identify the source for your answer. Please identify all documents that evince, support, discuss, refer to, or relate in any way to any rationale for 48 C.F.R. § 1652.216-70(b)(6).

The purpose of Interrogatory #3, as evidenced by its terms, was to determine all of the Government's rationales for the Final Year Regulation. Interrogatory #5 asked:

> State whether the data and documents that must be retained by a carrier or former carrier under 48 C.F.R. § 1652.204-70 would permit you to obtain data sufficient to calculate the amount that, but for the nonrenewal of the contract, would be owed to a former carrier as a result of the reconciliation process (the "deficiency"). If your answer is in the negative, identify each kind of data necessary to calculate the deficiency that you would find it "difficult" to obtain.

The purpose of Interrogatory #5 was to establish that, despite the Government's claim in the administrative record that it is difficult to obtain adequate data from plans that have terminated their participation in the Program, plans are in fact required by a different regulation to retain all the data that the Government could need.

The Government, however, refused to answer these interrogatories. Instead, the Government filed a motion for a protective order. *See* Exhibit B. In support of its motion, the Government wrote:

> The "focal point" for judicial review of an agency action is "the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

*Id.* at 2. The Government wrote: "Without addressing the merits of Plaintiff's case, Defendant respectfully submits that discovery is inappropriate here, because it is well established that review of such an APA claim is limited to the administrative record." *Id.*

The district court granted the Government's motion and ordered the Government to file the administrative record with the Court. (Notably, the court expected that the filing of the administrative record would suffice to answer Scott & White's request that the Government enumerate the rationales for the administrative record. Now, of course, the Government relies upon rationales that do not appear in the record.)

The Government cannot have it both ways. It cannot refuse to provide Plaintiffs with its purported rationale for the regulation, on the one hand, while relying on new rationales from outside the administrative record, on the other hand. The "facts" – arguments, really – in the Kichak Declaration, and those in the Government's brief that rely upon the declaration, must be discarded.

**Conclusion**

For the reasons stated above, Scott & White's and Texas Health's motion should be granted.

March 31, 2006

Respectfully submitted,

Michael S. Nadel
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

*Attorney for Plaintiffs*
*Scott & White Health Plan*
*and Texas Health Choice, L.C*