**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SCOTT & WHITE HEALTH PLAN,<br><br>Plaintiff,<br><br>*v.*<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,<br><br>Defendant. | Civil No. 01-1824 (JGP) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**and**

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff, Scott & White Health Plan, by its attorneys hereby serve Plaintiff's First Set of Interrogatories and First Request for Production of Documents on Defendant, United States Office of Personnel Management. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, you are required to answer the following interrogatories, under oath, within 30 days of the date of service of this document. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are required to serve a written response to the following request for production of documents within 30 days of the date of service of this document.



2/25/02

## DEFINITIONS

As used herein, the following terms have the following meanings:

A. "Defendant," "you," and "your" mean Defendant United States Office of Personnel Management and all present and former agents, servants, employees, attorneys and other persons acting on behalf of any of the foregoing.

B. "Complaint" means the Complaint filed by Plaintiff in this action.

C. "Answer" means Defendant's Answer and Defenses filed by Defendant in this action.

D. "Person" or "persons" includes not only natural persons, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities and divisions, departments, or other units thereof.

E. "Communications" means any conversation, discussion, letter, memorandum, note, or other transfer of information, whether written, oral, electronic, or by any other means, and includes any document or other medium which abstracts, digests, records, or transcribes any such communication or any subsequent review or discussion of such communication, whether occurring at meetings or otherwise.

F. "Relating to" means in any way regarding, referring to, commemorating, concerning, or connected with, in whole or in part, directly or indirectly.

G. "Identify," when referring to any person, means to set forth the name and present or last known address (and business address, if known), and, if an individual, his or her employer and title or position. Once a person has been thus identified in an answer,

it shall be sufficient thereafter when identifying that person merely to state his or her full name.

H. "Identify," when referring to any document, means to state whether any such document exists or did exist, and to state fully the title, nomenclature or descriptive phrase by which such document is known, the person originating the document, the person to whom the document is addressed, the customary usual location of the document, and the customary and usual custodian of the document.

I. "Document" is used in its customary broad sense and includes, without limitation, the original and each copy (other than an exact duplicate) of every kind of writing and recording, regardless of origin or location, of the following item, whether printed, written, produced, or reproduced by any process, and whether or not claimed to be privileged or otherwise immune or excludable from discovery, including, without limitation, writings, drawings, graphs, charts, photographs, phone records, computerized records, electronic mail, data compilations from which information can be obtained (translated, if necessary, into reasonably usable form), memoranda, correspondence, reports, notes, papers, books, diaries, microfilms, sound recordings, accounts, ledgers, registers, auditors' and bookkeepers' records and reports, worksheets, cost sheets, debit and credit entries, financial reports, assignments, telegrams, telexes, telecopies, faxes, tape recordings, summaries and records of telephone conversations, summaries and records and personal conversations, records of meetings, summaries and reports of interviews,

summaries and reports of investigations, opinions and reports of consultants, opinions of counsel, summaries and reports of negotiations, brochures, pamphlets, press releases, drafts of documents, revisions of drafts of documents, orders, or images of documents, including those stored or formerly stored in, on, or which can be reproduced from, any computer memory or magnetic, optical, or other storage media, regardless of how unloaded or otherwise fixed, now or formerly in written, typewritten, printed by computer, reproduced, rendered, transcribed, or filmed form, regardless of how unloaded or otherwise fixed, which are in Defendant's actual or constructive possession, custody, care, or control, whether or not prepared by Defendant, or whether or not currently within the possession of attorneys for Defendant.

## INSTRUCTIONS

A. Unless otherwise specified, these interrogatories and document requests request information in the possession, custody, or control of Defendant. Furthermore, these interrogatories and document requests are of a continuing nature. If, after answering, you obtain or become aware of any further information responsive to these requests, you are required to make a supplemental response and/or production..

B. In the event that a responsive document has been destroyed, state the reason for the document's destruction and the date on which the document was destroyed; identify fully the person in whose possession, custody or control the document was when it was destroyed; and identify fully the person who destroyed the document.

C. The final version and each draft of each document should be produced separately. Each original and each nonidentical copy (bearing marks or notations not found on the original) of each final version and draft of each document should be produced separately.

D. The documents should be produced in an orderly manner (and with appropriate markings or other identification) so that CIC will be able to identify the source of the document, the file in which it was maintained, the person to whom such file belonged, and the number(s) of the Request to which it responds.

E. With respect to any information withheld on the basis of a claim of privilege or other protection, furnish a list identifying each communication or information withheld and setting forth the following information for each such communication or withheld information:

1. a brief description of the nature and subject matter of the communication or withheld information, including the type of communication (*i.e.*, telephone call, meeting, etc.);

2. the date of the communication;

3. the name and title of the participant(s);

4. the name and title of all person(s) present or with whom the communication was shared, or made accessible, or to whom it was explained, together with an identification of such person(s);

5. the request to which the communication or withheld information is otherwise responsive; and

6. a statement constituting the basis for any claim of privilege, work product, or other ground for nondisclosure.

F. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

G. The use of the singular form of any word includes the plural and vice versa.

**INTERROGATORIES**

1. Please state the complete basis for, and all facts that support, your Second Defense that the "Court lacks subject matter jurisdiction over this matter."

2. Please state the complete basis for, and all facts that support, your Fourth Defense that "Plaintiff has failed to exhaust administrative remedies."

3. In your Answer to ¶ 16 of the Complaint, you admit that "a" rationale for 48 C.F.R. § 1652.216-70(b)(6) is that "it is difficult to get adequate data from plans when they have terminated," but you deny that the quoted language is the "principal rationale." In your Answer to ¶ 33 of the Complaint, you admit that "a" rationale for 48 C.F.R. § 1652.216-70(b)(6) is that "in the event a plan goes out of business, there are no rates to reconcile," but you deny that the quoted language is "the only other rationale." Please identify all rationales for 48 C.F.R. § 1652.216-70(b)(6). Please state which, if any, of the rationales for 48 C.F.R. § 1652.216-70(b)(6) is the principal rationale, and please identify the

source for your answer. Please identify all documents that evince, support, discuss, refer to, or relate in any way to any rationale for 48 C.F.R. § 1652.216-70(b)(6).

4. A. In your Answer to ¶ 31 of the Complaint, you deny Plaintiff's characterization that is "not difficult" to obtain "adequate data" about the amount owed to Scott & White in this case, but you admit that "OPM has calculated the amount" that Scott & White is owed. Please state whether you would have admitted the first sentence of ¶ 31 of the Complaint if it had read as follows: "It is not 'difficult' to obtain 'adequate data' about the amount that would have been owed to Scott & White if Scott & White had renewed the contract with OPM, because OPM has already calculated that amount with precision: $3,625,782." If your answer is in the affirmative, you need not respond to the rest of this interrogatory.

B. Otherwise, please state whether it is your position that it is difficult for you to obtain adequate data about the amount owed to Scott & White in this case. If your answer is in the affirmative, please identify each fact that supports your position, and please identify all documents that evince, support, discuss, refer to, or relate in any way to your position.

5. State whether the data and documents that must be retained by a carrier or former carrier under 48 C.F.R. § 1652.204-70 would permit you to obtain data sufficient to calculate the amount that, but for the nonrenewal of the contract, would be owed to a former carrier as a result of the reconciliation process (the "deficiency"). If your answer

is in the negative, identify each kind of data necessary to calculate the deficiency that you would find it "difficult" to obtain.

6. Please identify the person or persons primarily responsible for drafting 48 C.F.R. § 1652.216-70(b)(6).

**REQUEST FOR PRODUCTION OF DOCUMENTS**

Please produce within 30 days all documents identified in response to the above interrogatories.

February 25, 2002

Joel L. Michaels, D.C. Bar #230466
Arthur G. Sapper, D.C. Bar #227660
John G. Horan, D.C. Bar #417729
Michael S. Nadel, D.C. Bar #470144
**McDERMOTT, WILL & EMERY**
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000 - Telephone
(202) 756-8087 – Facsimile

*Attorneys for Plaintiff*
*Scott & White Health Plan*