**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SCOTT & WHITE HEALTH PLAN,<br><br>Plaintiff,<br><br>v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT<br><br>Defendants. | Civil Action No. 01-1824 (JGP) |

**DEFENDANTS' MEMORANDUM IN SUPPORT**
**OF MOTION FOR PROTECTIVE ORDER**

Defendant respectfully seeks an Order protecting it from the discovery to which Plaintiff is not entitled in this matter. According to the Complaint, Plaintiff is seeking a declaratory judgment that 48 C.F.R. § 1652.216-70(b)(6), a regulation promulgated by Defendant is invalid because it conflicts with the Federal Health Benefits Act, 5 U.S.C. §§ 8901 et seq., either facially or as applied to Plaintiff. A claim of this type is generally reviewed in accordance with the standards set forth in the Administrative Procedures Act. 5 U.S.C. §§ 551 et. seq.

Plaintiff has propounded on Defendant a set of Interrogatories and Document Requests. See Record 01-1824. Defendant, pursuant to Federal Civil Procedure Rule 26(c), now moves for a protective order to void these discovery requests. Rule 26(c) provides that a court may grant a motion for protective order upon a showing of good cause. The Court should find that good cause exists here. Discovery is not generally permitted in cases brought pursuant to the Administrative Procedure Act, and there is no good reason to depart from that general rule in this case.

As set forth above, Plaintiff in this case seeks a declaratory judgment that 48 C.F.R. §

1652.216-70(b)(6) is invalid on its face or invalid as to how it is applied to Plaintiff. Without addressing the merits of Plaintiff's case, Defendant respectfully submits that discovery is inappropriate here, because it is well established that review of such an APA claim is limited to the administrative record.

The "focal point" for judicial review of an agency action is "the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973); see also Environmental Defense Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981). Because de novo inquiry is inappropriate, "the general rule is that discovery is not permitted prior to a court's review of the legality of the agency action" under the APA. National Law Center on Homelessness & Poverty v. United States Dept. Of Veterans Affairs, 736 F. Supp. 1148, 1152 (D.D.C. 1990). See also Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Engineers, 87 F.3d 1242, 1247 (11th Cir. 1996) ("[t]he District Court did not err in limiting its review to the administrative record and so did not abuse its discretion by granting a protective order prohibiting any discovery"); USA Group Loan Services v. Riley, 82 F.3d 708, 715 (7th Cir. 1996)("[d]iscovery is rarely proper in the judicial review of administrative action"); Fort Sumter Tours, Inc. v. Babbitt, 66 F.3d 1324, 1335 (4th Cir. 1995) (district court did not abuse its discretion in issuing a protective order barring discovery), cert. denied, 517 U.S. 1220 (1996).

Fact-finding beyond the record in APA cases is the exception, not the rule. The exception to this rule is when there has been a "strong showing of bad faith or improper behavior" or when the record is so bare that it prevents effective judicial review. See Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971); Community for Creative Non-Violence v. Lujan, 908

F.2d 992, 997-98 (D.C. Cir. 1990). Even in such circumstances, however, the proper course generally is to remand to the agency for additional investigation or explanation. See Florida Power and Light Co. v. Lorion, 470 U.S. 729, 744 (1985).

Plaintiff in this case has made no showing that the administrative record will be insufficient for purposes of review, and indeed cannot, because the administrative record has not yet been filed by the agency. Defendant intends to file the administrative record simultaneously with Defendant's dispositive motion, which is currently due on May 6, 2002. Accordingly, the Court should enter a protective order pursuant to Fed. R. Civ. P. 26(c) barring any discovery in this case until after the record is submitted and the Court determines whether additional information is needed.

For the reasons set forth above, Defendants respectfully submit that discovery at this time would be inappropriate and that the Court should grant Defendant's request for a protective order.

Respectfully submitted,

________________________________
ROSCOE C. HOWARD, JR. Bar # 246470
United States Attorney

________________________________
MARK E. NAGLE, D.C. Bar #416364
Assistant United States Attorney

________________________________
VINCENT H. COHEN, JR, D.C. Bar 471489
Assistant United States Attorney
Judiciary Center Building, Room 10-919
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406