**EXHIBIT C**

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

**SCOTT & WHITE HEALTH PLAN,**

**Plaintiff**

**v.** **Civil Action No. 01-1824 (JGP)**

**UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,**

**Defendant**

**ORDER**

Before the Court is Defendant's, United States Office of Personnel Management ("OPM"), **Motion for a Protective Order**. Defendant seeks protection from Plaintiff's First Set of Interrogatories and First Request for Production of Documents. Scott & White Health Plan ("Scott & White"), argues that the six interrogatories propounded on OPM are narrow and seek only to clarify OPM's "cryptic answers," and identify the basis for OPM's procedural. As explained more fully below, the Court concludes that defendant's motion should be granted, and that OPM shall provide Scott & White with a copy of the administrative record on or before April 29, 2002.

Ordinarily, discovery is not permitted in APA cases, absent a showing that the administrative record is inadequate for review and where there is a strong showing of bad faith or improper review. Saratoga Development Corp. v. United States et al., 305 U.S.App.D.C. 351, 363-364, 21 F.3d 445, 457-458 (1994) (internal citations and quotations omitted). Here, as in

Saratoga, plaintiff is seeking discovery before the administrative record is filed.[1] However, the information Scott & White is seeking in discovery is not "outside the administrative record" nor would the information supplement the rulemaking record. Memorandum of Law in Opposition to Defendant's Motion for Protective Order ("Pl.'s Mem.") at 2. Scott & White asserts that the limited discovery it seeks is related to OPM's litigation position, information in the rulemaking record or information that is otherwise proper. Id.

*OPM's litigation position*

OPM's asserts two procedural defenses in its Answer on which Scott & White request discovery. Interrogatories Nos. 1 and 2 ask:

> 1. Please state the complete basis for, and all facts that support, your Second Defense that the "Court lacks subject matter jurisdiction over this matter."
> 2. Please state the complete basis for, and all the facts that support, your Fourth Defense that "Plaintiff has failed to exhaust administrative remedies."

OPM's complete basis for its affirmative defenses will be fully explained in its motion for summary judgment, assuming OPM continues to pursue the defenses. Scott & White will have ample notice of and opportunity to address the defenses in any opposition it chooses to file.

*Substantive Interrogatories*

The remaining four interrogatories seek: the rationale(s) behind the challenged regulations[2]; clarification on the application of the regulation plaintiff[3]; the interaction of

---

[1]OPM intends to filed the administrative record with its dispositive motion. Defendant's Memorandum in Support of Motion for Protective Order ("Def.'s Mem.") at 3.

[2]Interrogatory No. 3 asked: In your Answer ¶ 16 of the Complaint, you admit that "a" rationale for 48 C.F.R. § 1652.216-70(b)(6) is that "it is difficult to get adequate data from plans when they have terminated," but you deny that the quoted language is the "principal rationale." In your Answer to ¶ 33 of the Complaint, you admit that "a" rationale for 48 C.F.R. § 1652.216-

seemingly conflicting aspects of the regulation[4]; and names of the drafters[5].

With respect to Interrogatories Nos. 3, 5 and 6, it appears to the Court that the administrative record would satisfy the requests. Understandably, Scott & White is not in a position to determine whether the administrative record is sufficient because they do have not a copy of the record. OPM states that it plans to file the administrative record simultaneously with its dispositive motion. The Court find this insufficient and requires OPM to provide Scott & White with a copy of the administrative record by April 29, 2002. If Scott & White finds the information supplied in the administrative record insufficient, it may seek leave of the Court to

---

70(b)(6) is that "in the event a plan goes out of business, there are no rates to reconcile, " but you deny that the quoted language is "the only other rationale." Please identify which, if any, of the rationales for 48 C.F.R. § 1652.216-70(b)(6) is the principal rationale, and please identify the source for your answer. Please identify all documents that evince, support, discuss, refer to, or relate in any way to any rationale for 48 C.F.R. § 1652.216-70(b)(6).

[3]Interrogatory No. 4 asked: A. In your Answer to ¶ 31 of the Complaint, you deny Plaintiff's characterization that is "not difficult" to obtain "adequate data" about the amount owed to Scott & White in this case, but admit that "OPM has calculated the amount" that Scott & White is owed. Please state whether you would have admitted the first sentence of ¶ 31 of the Complaint if it had read as follows: "It is not 'difficult' to obtain 'adequate data' about the amount that would have been owed to Scott & White if Scott & White has renewed the contract with OPM, because OPM has already calculated the amount with precision: $3,625782." If your answer is in the affirmative, you need not respond to the rest of this interrogatory.
B. Otherwise, please state whether it is your position that it is difficult for you to obtain adequate data about the amount owed to Scott & White in this case. If your answer is in the affirmative, please identify each fact that supports your position, and please identify all documents that evince, support, discuss, refer to, or relate in any way to your position.

[4]Interrogatory No. 5. asks: State whether the data and documents that must be retained by a carrier or former carrier under 48 C.F.R. § 1652.204-70 would permit you to obtain data sufficient to calculate the amount that, but for the nonrenewal of the contract, would be owed to a former carrier as a result of the reconciliation process (the "deficiency"). If your answer is in the negative, identify each kind of data necessary to calculate the deficiency that you would find it "difficult" to obtain.

[5]Interrogatory No. 6 states: Please identify the person or persons primarily responsible for drafting 48 C.F.R. § 1652.216-70(b)(6).

conduct additional discovery.

Scott & White asserts that Interrogatory No. 4 is necessary to sort out the confusion over OPM's seemingly contradictory answers and to provide information relevant to Scott & White's as applied challenge. Pl.'s Mem. at 7-8. Scott & White further argue that the information is necessary to formulate its as-applied challenge and cites to Amfac Resorts, LLC v. Dep't of the Interior, 282 F.3d 818 (D.C. Cir. 2002). Id. In Amfac, the D.C. Circuit held that a party making an as-applied challenge to a regulation, may present evidence outside the administrative record. Amfac 282 F.3d at 830. The evidence Amfac sought to introduce related to its individual injury. Id. The court held that in order for Amfac to establish standing it would have to establish its injury with evidence, which would not necessarily be contained in the administrative record. Id. Scott & White has calculated its injury and can present that amount to the Court in its as-applied challenge to the regulation. Scott & White has not established that additional discovery is necessary related to this issue.

Accordingly, it is hereby

**ORDERED** that the defendant's Motion for a Protective Order is hereby **GRANTED**; it is further

**ORDERED** that the defendant shall provide a copy of the administrative record to the plaintiff on or before April 29, 2002.

**DATE: April 19, 2002**

**JOHN GARRETT PENN**
**United States District Judge**