IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GHS HEALTH MAINTENANCE ORGANIZATION, INC., d/b/a BLUELINCS HMO, Plaintiff, | ) | |
| TEXAS HEALTH CHOICE, L.C., Plaintiff, | ) | |
| SCOTT & WHITE HEALTH PLAN Plaintiff, | ) | |
| v. | ) | Nos. 01-517C, 05-371C, 05-963C (Judge Horn) |
| UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH TO FILE DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant respectfully requests that this Court grant it an enlargement of time of 28 days, to and including May 19, 2006, within which to file defendant's reply to plaintiffs' opposition to defendant's cross-motion for summary judgment (reply brief). Defendant's reply brief presently is due on April 21, 2006. This is defendant's first request for an enlargement of time for this purpose. Plaintiffs consent to this motion.

1. Government Counsel Have Been Working Diligently On the Reply Brief

Counsel for defendant and agency counsel at the Office of Personnel Management (OPM) have been working diligently upon defendant's reply brief.[1] However, the Government requires additional time to prepare its reply brief, in part, because plaintiffs' briefs raise numerous issues, for which substantial analysis and additional legal research is required.

For example, plaintiffs failed to address most of the case law upon which we relied, yet cited additional cases which we must research and analyze. This case is also somewhat unusual, given plaintiffs' challenge to a regulation as inconsistent with a statute – as there are two standards of review, one involving the record review of the Administrative Procedure Act (APA), and another involving the contracts which are governed by the Contract Act Disputes (CDA) which are reviewed by this Court de novo.

Further, it appears that plaintiffs have mischaracterized facts in the record, and/or made arguments based upon a total misunderstanding of the nature and extent of the rate reconciliation process at issue when the carrier elects to remain in the Federal Employee Health Benefit (FEHB) program and there are rates to adjust for the following year, as compared to the process that OPM undertakes when a carrier elects to exit the FEHBA program and the non-reconciliation regulation governs because there are no rates to adjust in the future. Similarly, plaintiffs have relied upon facts not supported by the record, and/or made assumptions which have no supporting evidence — points which we will identify and discuss in our reply brief.

---

[1] Counsel for defendant began work on defendant's reply approximately three to four business days after receipt of the brief. Counsel was unable to begin work immediately because counsel was required to complete the Government's brief in Carabetta v. United States, No 06-5037 (Fed. Cir.)(cross appeal filed), filed on April 6, 2006.

We also intend to identify those unsupported arguments made by plaintiffs, that some points are undisputed - by explaining the legal disputes that do exist – contrary to plaintiffs' contentions.

In addition, counsel for GHS Bluelincs (Bluelincs) has raised in its brief a legal issue not raised in its dispositive motion, that of an alleged illegal "forfeiture." While Bluelincs raised the "forfeiture" theory in its claim to the contracting officer, it failed to do so in its moving brief. We are required to research further this issue and respond to it in our reply brief.

Finally, at the time we file our reply brief, we intend to file an opposition to plaintiffs' motion to strike the declaration of Ms. Nancy Kichak, an OPM representative. In addition to the fact that plaintiffs did not oppose our motion when we requested leave to file the declaration of Ms. Kichak, courts have allowed the administrative record to be supplemented in a variety of circumstances, and we will provide case law to support the supplementation. Moreover, we intend to establish that, contrary to plaintiffs' contentions, it is not required that a declarant be involved personally in all matters to which the declarant attests.

Therefore, while the Government has been working diligently on the reply brief, we require additional time to complete it.

2. Counsel's Other Responsibilities

Counsel for defendant has additional case responsibilities during this time. In late March 2006, appellants in Members of the Peanut Quota Holders Association, Inc. v. United States, 421 F.3d 1323 (Fed. Cir. 2005), filed a petition for writ of certiorari (petition) with the Supreme Court. Members of the Peanut Quota Holders Association, Inc. et al v. United States of America, No. 05-1225 (S.Ct.). Counsel for defendant handled that case from its filing in this Court, through the appeal to the United States Court of Appeals for the Federal Circuit (and

briefing on petitioners' petition for rehearing en banc) and is required to prepare a draft brief in opposition to the petition by April 28, 2006 (with a time extension already provided).

Moreover, counsel has continuing responsibilities relating to Texas Peanut Farmers v. United States, 409 F.3d 1370 (Fed. Cir. 2005) and Texas Peanut Farmers v. United States, No. 03-445C (Fed. Cl.). In a recent order, the Court of Federal Claims transferred the claims of the almost one hundred plaintiffs to various district courts (in which jurisdiction is exclusive). Counsel was required to prepare a letter to various offices of the United States Attorneys involved with the transferee courts, to inform them of the procedural and substantive history of these cases.[2] Counsel has already received inquiries from various offices of the United States Attorneys involved in the numerous districts to which these claims were transferred about the cases, their complex procedural and substantive history, and the next steps in this litigation. Counsel anticipates that she will receive further inquiries, requiring additional communication and coordination with the United States Attorneys' offices and the agency involve..

Conclusion

For these reasons, defendant respectfully requests that the Court grant defendant an enlargement of time until May 19, 2006, within which to file defendant's reply brief.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

[2] Counsel will be out of the office on April 13-14, 2006, in connection with Easter. In addition, counsel has continuing responsibilities relating to the care of her elderly mother, which are likely to require travel within the next month and more.

/s/ David M. Cohen
DAVID M. COHEN
Director

SUSAN WHITMAN, Esq.
JILL GERSTENFIELD, Esq.
U.S. Office of Personnel Management
Washington D.C.

/s/ Jane W. Vanneman
JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Phone: (202) 307-1011
Fax: (202) 514-8624

April 11, 2006

.

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2006, a copy of the foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH TO FILE DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.