# United States Court of Federal Claims

| | |
|---|---|
| **GHS Health Maintenance Organization, Inc., d/b/a BlueLincs HMO, Texas Health Choice, L.C., and Scott & White Health Plan,** ***Plaintiffs,*** <br><br> *v.* <br><br> **United States,** ***Defendant.*** | **No. 01-517C** <br><br> **Judge Marian Blank Horn** |

**Plaintiffs Scott & White Health Plan and Texas Health Choice, L.C.'s Response to Defendant's Motion for an Enlargement of Time Within Which To File Defendant's Reply to Plaintiffs' Opposition to Defendant's Cross-Motion for Summary Judgment**

The Government requested that Plaintiffs Scott & White Health Plan ("Scott & White") and Texas Health Choice, L.C. ("Texas Health") consent to an enlargement of time of 28 days to file its reply brief regarding the parties' cross-motions for summary judgment. As a matter of professional courtesy to counsel for the Government, Scott & White and Texas Health consented. However, they had not seen the Government's motion, nor did they imagine the Government would use such a motion to argue, erroneously, the merits of the case. Regrettably, for the record, they must briefly respond to the misstatements contained in the Government's motion.

If the Government's counsel's other professional and personal obligations require the Government to take a total of 49 days to write its reply brief, that is understandable, which is why Scott & White and Texas Health consented to the extension. But the notion that this lengthy time period is required as a result of plaintiffs' briefs is wrong. The Government's opening brief, for which the Government requested and received two extensions, was little more than a rewrite of its summary judgment brief in Scott & White's action in the district court. Consequently, Scott & White and Texas Health's 30-page reply brief is extremely similar to – and relies on most of the same key authorities as – the reply brief that Scott & White filed in the district court. The key issues in this case – the validity of the regulation, the enforceability of Plaintiffs' contracts, the propriety of an as-applied challenge, waiver, laches – were briefed and rebriefed nearly four years ago.

Contrary to the Government's unsupported assertion (wholly inappropriate and unnecessary in a motion for extension of time), Plaintiffs have not mischaracterized facts in the record. The Government, not Plaintiffs, misunderstand the nature and extent of the rate reconciliation process, as evidenced by its continued use of the misnomer "non-reconciliation regulation" to describe a regulation that does not purport to prevent reconciliation but rather post-reconciliation payment. Similarly, all of the facts upon which the Plaintiffs have relied are supported by the record. It is the Government that has attempted to defend the challenged regulation by relying on facts outside of the record, including the Declaration of Nancy Kichak, which Plaintiffs have moved to strike.

Having responded for the record to the Government's fallacious arguments and misstatements, Scott & White and Texas Health do not object to the Government's requested 28 day extension to file its reply brief, provided that the Court deems the extension appropriate.

April 11, 2006

Respectfully submitted,

Michael S. Nadel
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

*Attorney for Plaintiffs*
*Scott & White Health Plan*
*and Texas Health Choice, L.C*