Nos. 01-517C, 05-371C, 05-963C
(Judge Horn)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GHS HEALTH MAINTENANCE ORGANIZATION, INC.
d/b/a BLUELINCS HMO,
Plaintiff,

TEXAS HEALTH CHOICE, L.C.,
Plaintiff,

SCOTT & WHITE HEALTH PLAN,
Plaintiff,
v.
THE UNITED STATES,
Defendant.

DEFENDANT'S RESPONSE TO PLAINTIFFS' "NOTICE OF RIPENESS FOR DECISION" OF PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF MS. NANCY KICHAK
AND
DEFENDANT'S ALTERNATIVE MOTION FOR LEAVE TO FILE, OUT OF TIME, MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH TO FILE DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF MS. KICHAK

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

JANE W. VANNEMAN
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation
Attn: Classification Unit
1100 L Street, NW, 8th Floor
Washington, D.C. 20530
Telephone: (202) 307-1011
Facsimile: (202) 514-8624
Attorneys for Defendant

OF COUNSEL

SUSAN WHITMAN, Esq.
JILL GERSTENFIELD, Esq.
U.S. Office of Personnel Management
Washington, D.C.

April 27, 2006

**TABLE OF CONTENTS**

**Page**


TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT'S RESPONSE TO PLAINTIFFS' "NOTICE OF RIPENESS FOR DECISION" OF PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF MS. NANCY KICHAK AND DEFENDANT'S ALTERNATIVE MOTION FOR LEAVE TO FILE, OUT OF TIME, MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH FILE DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF MS. KICHAK . . . . . . . . . . 1

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

1. Defendant's Response to the "Notice of Ripeness For Decision" Filed By Scott & White, and Texas Health Choice, To Strike The Declaration Of Nancy Kichak . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A. Plaintiffs' "Notice" Lacks Merit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B. Plaintiffs Waived Any Possible Objection To The Inclusion of Ms. Kichak's Declaration In Record; It Is In The Interest Of Justice That The Court Permit Defendant To Be Permitted To File Its Brief In Opposition To The Motion To Strike . . . . . . . . . . . . . . . . . . 7

1. Waiver . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

2. Supplementation Of The Administrative Record . . . . . . . . . . . . . . . . . . 10

3. Ms. Kichak Possessed Knowledge, In Her Official Capacity, Of Involved Entities and Experiences . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

C. Contract Disputes Act *De Novo* Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

2. Alternative Motion, Out of Time, For An Enlargement of Time To File Our Opposition To The Motion To Strike Ms. Kichak's Declaration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

### CASES

**Pages**

AT & T Information Systems, Inc. v. General Services Admin., 810 F.2d 1233 (D.C. Cir. 1987) . . . . . 10

American Growers Ins. Co. v. Federal Crop Ins. Corp., No. 01-10059 (S.D. Iowa) . . . . . 13

Boston Edison Co. v. United States., 64 Fed. Cl. 167 (2005) . . . . . 10

Cubic Applications v. United States, 37 Fed. Cl. 339 (1997) . . . . . 10

Esch v. Yeutter, 876 F.2d 976 (D.C.Cir.1989) . . . . . 10

Graphic Data, LLC v. United States, 37 Fed. Cl. 771 (1997) . . . . . 10

Kansas City Power & Light Co. v. Ford Motor Credit Co., 995 F.2d 1422 (8th Cir. 1993) . . . . . 10

Members of Peanut Quota Holders Ass'n v. United States, No. 05-1225 (S.Ct.). . . . . .13

Scott & White Health Plan v. United States Office of Personnel Management, No. 01 CV 1824 (JGP) . . . . . 8

Texas Peanut Farmers v. United States, No. 03-445C (Fed. Cl.) . . . . . 13

### STATUTES

Fed.R.Evid. 601, 702 . . . . . 10

RCFC 1 . . . . . 5

RCFC 6.1 . . . . . 5

RCFC 7.1 (a) . . . . . 9

IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GHS HEALTH MAINTENANCE ORGANIZATION, INC., d/b/a BLUELINCS HMO, Plaintiff, | ) | |
| TEXAS HEALTH CHOICE, L.C., Plaintiff, | ) | |
| SCOTT & WHITE HEALTH PLAN Plaintiff, | ) | |
| v. | ) | Nos. 01-517C, 05-371C, 05-963C (Judge Horn) |
| UNITED STATES, Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' "NOTICE OF RIPENESS FOR DECISION" OF PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF MS. NANCY KICHAK
AND
DEFENDANT'S ALTERNATIVE MOTION FOR LEAVE TO FILE, OUT OF TIME, MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH TO FILE DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF MS. KICHAK

## Introduction

Plaintiffs in this consolidated action, Scott & White, and, Texas Health Choice (Texas Health) recently filed a "notice of ripeness for decision" of plaintiffs' motion to strike the

declaration of Ms. Nancy Kichak.[1] The "notice" filed by the plaintiffs is, in essence, a motion requesting the Court to grant their motion to strike before we have an opportunity to oppose their motion to strike. We respectfully request that the Court treat the recent "notice" as a motion and provide us an opportunity to respond.

The issue involves a declaration executed by Ms. Kichak. She is the Director of the Office of Actuaries and Insurance Services at the Office of Personnel Management (OPM). On December 6, 2005, we submitted an unopposed motion to include her declaration as part of the record in this case. With their brief in opposition to our motion for summary judgment, filed March 31, 2006, plaintiffs filed a motion to strike the declaration.

On April 11, 2006, we filed a motion for an enlargement of time to May 19, 2006, within which to file our brief in reply to plaintiffs' opposition to our motion for summary judgment. We included within that motion a request, in effect, that we also be permitted the same amount of time, to May 19, 2006, to file our opposition to plaintiffs' motion to strike the declaration.

In their recently-filed "notice, " plaintiffs Scott & White and Texas Health contend that we did not file, in a timely manner, any motion for an enlargement of time within which to respond to the motion to strike, and we did not file any response to their motion to strike the declaration. The plaintiffs contend that the Court may now decide the motion to strike, essentially, as unopposed.

Plaintiffs' recent motion lacks merit.[2] We wish to file an opposition to the motion to

---

[1] Counsel for the two plaintiffs stated that Bluelincs, the third plaintiff, joins in this "notice."

[2] On Friday afternoon, April 21, 2006, shortly after receiving plaintiffs' "notice" by electronic filing, counsel for defendant telephoned counsel for Scott and White, and Texas

strike the declaration. In our motion for an enlargement of time within which to file our reply to the opposition to our motion for summary judgment, we stated that we would file our opposition to the motion to strike at the same time that we file our opposition on the merits, as part of one overall package of pleadings. Therefore, we did request, in effect, additional time within which to oppose the motion to strike. By order dated April 12, 2006, the Court granted our motion to May 19, 2006.

At worst, it was an oversight that we did not include in the caption to our motion for more time, or in the conclusion explaining the relief we sought, a specific request to file our opposition to the motion to strike the declaration. However, even if, as plaintiffs now contend, the form of our motion was technically incomplete, we explain below that it is not in the interest of justice to deny us the opportunity to be heard on the plaintiffs' motion to strike the declaration. The statements in the declaration relate to most of the merits issues in the case.

Alternatively, if the Court determines that we are required to file a motion, out of time, to file a motion for an enlargement to file our opposition to plaintiffs' motion to strike, we include an alternative motion as Part 2 of this pleading. As explained in Part 2, below, plaintiffs do not consent to this motion, but state that they will consent to an enlargement until May 1, 2006, for defendant to file an opposition to the motion to strike. However, as we explain below, we require at least until May 19, 2006, to file our opposition to the motion to strike, so that we file

---

Health (two plaintiffs), and left a voice mail message. Counsel for defendant requested that plaintiffs' counsel withdraw the "notice" because, among other things, we had expressly stated in our motion for the enlargement of time that we would file an opposition to plaintiffs' motion to strike. Later that afternoon, counsel for the two plaintiffs left a voice mail message for counsel for defendant, stating that he would not withdraw the motion. Thus, we are required to file this response to the "notice."

both the opposition to the motion to strike, and the brief on the merits, at the same time.

1. Defendant's Response to the "Notice of Ripeness For Decision" Filed By Scott & White, and Texas Health Choice, To Strike The Declaration Of Nancy Kichak

A. Plaintiffs' "Notice" Lacks Merit

In our motion for an enlargement of time, we made clear in the text of our motion that we intended to file an opposition to the motion to strike, as part of our overall filing on May 19, 2006. Plaintiffs' recent "notice of ripeness for decision" elevates form over substance, by seeking a premature decision from this Court on their motion to strike, before we have an opportunity to be heard on the motion to strike the declaration.

Plaintiffs' "notice," ignores the express statement we made in our motion for an enlargement of time, on page 3:

> Finally, at the time we file our reply brief, we intend to file an opposition to plaintiffs' motion to strike the declaration of Ms. Nancy Kichak, an OPM representative. In addition to the fact that plaintiffs did not oppose our motion when we requested leave to file the declaration of Ms. Kichak, courts have allowed the administrative record to be supplemented in a variety of circumstances, and we will provide case law to support the supplementation. Moreover, we intend to establish that, contrary to plaintiffs' contentions, it is not required that a declarant be involved personally in all matters to which the declarant attests.

(emphasis added).

We set forth some of the bases for the opposition that we would file -- that courts have allowed the administrative record to be supplemented, and that it is not required that a declaration be involved personally in all matters to which the declarant attests. Therefore, we made clear in the text of the motion, that, as part of our filings opposing their motion for

summary judgment, we would file a brief in opposition to the motion to strike.[3] Plaintiffs were on notice of our intent to oppose the motion to strike, and, as explained below, they have an opportunity to file another brief, if they choose to do so, before oral argument on the motions.[4] Thus, there is no prejudice to plaintiffs by the manner in which we explained, in our enlargement motion, the pleadings we intend to file on May 19, 2006.

In addition, plaintiffs' "notice" contravenes the letter and spirit of Rule 1 of this Court. Rule 1 provides that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." As we explain, it is in the interest of justice to permit us an opportunity to be heard on the motion to strike. Plaintiffs' recent "notice interferes

---

[3] Plaintiffs contend, without explanation, that the statement we made in our motion for more time, does not satisfy RCFC 6.1. It appears that counsel for plaintiffs complains that counsel for defendant, in consulting with plaintiffs' counsel, did not request, specifically, more time to file an opposition to the motion to strike. It is true that, at the time that counsel for defendant asked for plaintiffs' position on the enlargement of time, counsel did not expressly differentiate between defendant's opposition brief on the merits, and, defendant's opposition to plaintiffs' motion to strike the declaration.. However, this is a distinction without a meaningful difference, as both are part of the same dispute and the Kichak declaration is integral to our merits arguments.

[4] Counsel for the two plaintiffs disagreed, in their response to our motion for more time, with some of the statements that we made in our motion for an enlargement of time. They complained that our statements somehow improperly addressed the merits of the case.

However, the reasons set forth in our motion for an enlargement were typical ones. In requesting additional time, counsel for defendant often attempts to demonstrate to the Court that counsel has worked diligently, evaluated plaintiffs' motion, outlined the merits issues, identified the tasks required, and estimated the time required to consult with the agency and complete a brief. That is what we included in our motion for an enlargement of time. There was nothing unusual, much less inappropriate, about the contents of our motion.

Similarly, here, to explain the bases for our arguments that plaintiffs' "notice" lacks merit, we will to advise the Court, among other things, of the chronology of this dispute, and some of the merits-related reasons why we should be permitted the opportunity to be heard on the motion to strike, before the Court rules.

with the "speedy" resolution of these cases, by requiring the expenditure of resources on a peripheral and technical dispute. Plaintiffs' "notice" certainly adds to the expense of this action, by requiring counsel for defendant, and the Court, to expend resources on this "notice" motion, which lacks merit.

Plaintiffs' notice also ignores the Court's recent order relating to these matters that indicates the Court's willingness to allow all parties a complete opportunity to be heard on the merits. By order dated April 12, 2006, the Court granted our motion for the enlargement of time to May 19, 2006, to file our papers opposing plaintiffs' motion for summary judgment. In its order, the Court noted, given that the parties disagreed on some points, that the Court would provide an opportunity to all plaintiffs to inform the Court whether any of them would request the opportunity to file a short response to our May 19, 2006, reply brief. The Court would allow this short response if plaintiffs wished to "explain, clarify, amplify and/or sharpen the distinctions between the parties' positions. . ." The Court also requested that, if plaintiffs intended to file such a reply, the plaintiffs inform the Court of the time requested to complete and file the submissions.

This type of short response that the Court permitted to plaintiffs, to our final reply brief, was a generous offer by the Court, as the Rules of the Court do not provide for such a response. In any event, plaintiffs would have the opportunity to file a brief in reply to our forthcoming opposition to their motion to strike the declaration. What is apparent is that the Court intends to provide to all parties a full and complete opportunity to be heard on the merits. Therefore, plaintiffs' motion, in effect, requesting an immediate order from the Court granting their motion to strike, and denying us the opportunity to be heard, lacks merit.

B. <u>Plaintiffs Waived Any Possible Objection To The Inclusion of Ms. Kichak's Declaration In Record; It Is In The Interest Of Justice That The Court Permit Defendant To Be Permitted To File Its Brief In Opposition To The Motion To Strike</u>

1. <u>Waiver</u>

Plaintiffs waived any opposition to the Kichak Declaration by consenting to our motion, filed on December 6, 2005, to include the declaration in the record. See Rule 7.1. Alternatively, they waived any objection by waiting until a very late stage in the briefing process to file their motion to strike. It is in the interest of justice that we be permitted to file our brief opposing the motion to strike.

To understand the significance of Ms. Kichak's declaration, a summary of the chronology of the procedural history of this case is required. Further, we believe that it is appropriate to inform the Court of some of the arguments that we intend to make in our opposition to the motion to strike the declaration, so that the Court possesses the necessary background of this dispute and understands the significance of the Kichak declaration to the APA-record review part of the case, as well as to the CDA *de novo* review part of the case.

At a status conference held on September 16, 2005, the Court and the parties addressed the nature of the briefing process, some of the issues in the case, and the schedule for the briefing and other filings. By order dated September 19, 2006, the Court issued the scheduling order (with some deadlines later extended). Between September 16, 2005, and March 31, 2006 – for more than six months -- when plaintiffs filed their briefs in opposition to defendant's dispositive motion, plaintiffs never mentioned, or filed any pleading in opposition to the inclusion of Ms.

Kichak's declaration in the record before this Court.[5]

None of the three plaintiffs opposed our motion to include Ms. Kichak's declaration in the record when we filed our motion last December 2005. If they had, we would have explained at that time, the basis for including the declaration in the administrative record, and also in the appendix to our motion for summary judgment and opposition to plaintiffs' motion for summary judgment.

Rather, all three plaintiffs consented to our motion to include the declaration in the record.[6] Plaintiffs then filed their dispositive motions, without any argument that they believed that Ms. Kichak's declaration should be stricken from the record. In turn, we relied upon the Kichak declaration in preparing our cross-motion for summary judgment and opposition to plaintiffs' motions for summary judgment.

In fact, Ms. Kichak signed her declaration in May 2002 and it was filed in the United States District Court for the District of Columbia in Scott & White Health Plan v. United States Office of Personnel Management, No. 01 CV 1824 (JGP). In 2002, Ms. Kichak served as

---

[5] Pursuant to the Court's initial scheduling order, in October, 2005, defendant filed the administrative record. In November 2005, the parties filed their Joint Stipulations of Fact and Law; during that process, counsel had numerous discussions, and exchanged drafts, that included statements made by Ms. Kichak in her declaration. On December 5, 2005, plaintiffs filed their motions for summary judgment. On December 6, 2005, consistent with communications with plaintiffs' counsel prior to that time, we filed our motion for leave to supplement the administrative record with the declaration of Ms. Nancy H. Kichak, dated May 6, 2002 (and with other materials). Document 44-1 on Docket Sheet. We attached Ms. Kichak's declaration to our motion.

[6] Counsel for defendant recalls that counsel for Scott & White and Texas Health specifically requested that Ms. Kichak's declaration be included in the administrative record in this Court, because it had been included in the record before the United States District Court for the District of Columbia in Scott & White Health Plan v. United States Office of Personnel Management, No. 01 CV 1824 (JGP).

Director of the Office of the Actuaries and Insurance Services at OPM. She had occupied that position since 1987. Prior to that time, she was the Supervisory Actuary for Insurance. In her capacity as Director, she had oversight responsibilities for the rate negotiations with all carriers in the Federal Employees Health Benefits Program (FEHBP), which, at the time, were approximately 180 in number. As she stated in her declaration, OPM had negotiated with carriers participating in the FEHBP since 1959, the inception of the program, and OPM had experience, knowledge and expertise in setting of rate under the FEHBP and in rate negotiations. Ms. Kichak addressed, among other things, the bases for OPM's promulgation of the regulation in 1990.

Plaintiffs' motion to strike this declaration, filed with their brief in opposition to our cross motion for summary judgment, comes far too late in this litigation. See Rule 7.1 (a) (objections to written motions shall be filed within 14 days after service of the motion). Plaintiffs waived any possible objection to the Kichak declaration by waiting until this late stage in the briefing to raise their objections to the Kichak declaration.[7]

Therefore, according to the rules of this Court, and fundamental notions of fairness, plaintiffs waived any possible objection to the inclusion of the Kichak declaration in the administrative record and/or in the appendix to the dispositive motions. Because of the importance of the Kichak declaration, we should have the opportunity to file our opposition to the motion to strike, even if there were some technical flaw in the motion for enlargement of time that we filed.

---

[7] In any event, it is significant that plaintiffs do not present any evidence to dispute any of the statements made by Ms. Kichak in her declaration. Rather, it appears that plaintiffs simply dispute her logic.

2. Supplementation Of The Administrative Record

It is also not in the interest of justice for this Court to grant plaintiffs' motion to strike Ms. Kichak's declaration without permitting defendant the opportunity to be heard, because it is important for this Court to have a complete record. E.g., Esch v. Yeutter, 876 F.2d 976, 991 (D.C.Cir.1989)(courts permit supplementation of administrative record in APA-record review cases; supplementation permitted when a case is so complex that a Court requires more evidence to enable it to understand fully the issues); see also e.g., Cubic Applications v. United States, 37 Fed. Cl. 339, 342 (1997); AT & T Information Systems, Inc. v. General Services Admin., 810 F.2d 1233, 1236 (D.C. Cir. 1987)(interests of justice are best served with a full record.; see also Graphic Data, LLC v. United States, 37 Fed. Cl. 771, 778-80 (1997).

We intend to explain in our opposition brief that Ms. Kichak's declaration should be part of the record, in this case in which plaintiffs challenge the validity of the non-reconciliation regulation, and also make an "as-applied" challenge to the regulation.

3. Ms. Kichak Possessed Knowledge, In Her Official Capacity, Of Involved Entities and Experiences,

It is in the interest of justice to allow us to be heard, because Ms. Kichak possessed knowledge sufficient to support all the statements in her declaration. We intend to establish, contrary to plaintiffs' arguments, that a declarant may include personal observations and knowledge of actions of involved entities, perceptions and experiences in the declarant's official capacity. Boston Edison Co. v. United States., 64 Fed. Cl. 167, 180-82 (2005)(citing Fed.R.Evid. 601, 702); see Kansas City Power & Light Co. v. Ford Motor Credit Co., 995 F.2d 1422, 1432 (8th Cir. 1993).

C. Contract Disputes Act *De Novo* Review

We intend to establish that Ms. Kichak's declaration also belongs in the record because her statements relate to Contract Disputes Act issues, which are governed by a *de novo* review standard. Therefore, as we will explain in our opposition to the motion to strike, Ms. Kichak's declaration should remain as part of the appendix to our motion for summary judgment, and as part of our opposition to plaintiffs' motion for summary judgment.

Conclusion

Accordingly, we respectfully request that the Court deny the recent "notice," or motion, filed by plaintiffs, relating to their motion to strike the declaration of Ms. Kichak. We respectfully request that the Court permit us to file our opposition to the motion to strike at the same time we file our opposition to the three plaintiffs' motion for summary judgment, presently due on May 19, 2006.

2. Alternative Motion, Out of Time, For An Enlargement of Time To File Our Opposition To The Motion To Strike Ms. Kichak's Declaration

Alternatively, in the event that this Court determines that the plaintiffs' "notice" is properly filed, we respectfully file this alternative motion, out of time, for leave to file our opposition to plaintiffs' motion to strike by May 19, 2006, the due date for our opposition to plaintiffs' motion for summary judgment. Counsel for defendant has contacted plaintiffs' counsel, who state that they do not consent to this motion, but state that they will consent to an enlargement until May 1, 2006, for defendant to file an opposition to the motion to strike. We also explain below, that we require at least until May 19, 2006, to file our opposition to the motion to strike, so that we file both the opposition to the motion to strike, and the brief on the merits, as the same time. While we have completed partial rough drafts of our reply brief on the

merits and our opposition to the motion to strike, we cannot complete one without the other, as they are interrelated. Plaintiffs' position is that they wish us to file our brief in opposition to the motion to strike by May 1, 2006, which, according to plaintiffs' counsel, " will permit time for a reply brief and a ruling by the Court in advance of the May 19 deadline for your summary judgment reply brief." (email from plaintiffs' counsel) Plaintiffs' position represents unnecessary gamesmanship, and illustrates the inappropriateness of their delay in filing the motion to strike the declaration – particularly after they had consented last December 2005 to the inclusion of the declaration in the record.

We propose that we file both our reply brief on the merits, and our opposition to the motion to strike, on May 19, 2006, the present due date. We have drafted these two documents in tandem, and will continue to do so as we refine our arguments, and consult with the releveant agency personnel. We will argue the merits based upon the inclusion of Ms. Kichak's declaration in the record - both for purposes of the APA review and the CDA review. We will also present our arguments on the merits, in the alternative, in the event that the Court ultimately strikes the declaration. We also reserve the right to make whatever other arguments we determine are appropriate on the merits and the motion to strike.

We file the motion out of time, for the reasons explained above, in Part 1. We request the additional time for the same reasons that we set forth in our initial motion for an enlargement of time – given the nature and extent of the work required, and the other responsibilities of counsel for defendant.

Moreover, since we filed our motion for an enlargement of time in this case, counsel has been required to expend resources in coordinating with various Assistant United States

Attorneys in the cases transferred to various district courts, from Texas Peanut Farmers v. United States, No. 03-445C (Fed. Cl.), and, in responding to correspondence from plaintiffs' counsel on these transfer matters. Further, counsel was recently assigned to handle personally a transfer case. American Growers Ins. Co. v. Federal Crop Ins. Corp., No. 01-10059 (S.D. Iowa)(filing due on May 22, 2006 in district court). Further, counsel has been required in this past week to spend more time than anticipated in preparing a draft brief in opposition to a petition for certiorari filed in Members of Peanut Quota Holders Ass'n v. United States, No., 05-1225 (S.Ct.), with the draft due April 28, 2006. Finally, counsel for defendant has been required to spend time this week preparing the filing in this case, in response to plaintiff's "notice."

Accordingly, we respectfully request that this Court grant us, out of time, a motion for an enlargement of time to May 19, 2006, within which to file our opposition to the motion to strike the declaration of Ms. Kichak, filed by Scott & White, and Texas Health.

## Conclusion

For these reasons, we respectfully request that the Court deny the recent "notice," or motion, filed by the plaintiffs, relating to their motion to strike the declaration of Ms. Kichak. We respectfully request that the Court permit us to file our opposition to the motion to strike at the same time we file our opposition to the three plaintiffs' motion for summary judgment, presently due on May 19, 2006.

Alternatively, defendant respectfully requests that the Court grant our motion for leave to file, out of time, and grant us an enlargement of time until May 19, 2006, within which to file defendant's opposition to the motion to strike the declaration of Ms. Kichak.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/s David M. Cohen
DAVID M. COHEN
Director

s/s Jane W. Vanneman
JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Phone: (202) 307-1011
Fax: (202) 514-8624

SUSAN WHITMAN, Esq.
JILL GERSTENFIELD, Esq.
U.S. Office of Personnel Management
Washington D.C.

April 27, 2006

.

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2006, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFFS' "NOTICE OF RIPENESS FOR DECISION" OF PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF MS. NANCY KICHAK AND DEFENDANT'S ALTERNATIVE MOTION FOR LEAVE TO FILE, OUT OF TIME, MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH FILE DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF MS. KICHAK" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.