# United States Court of Federal Claims

| | |
|---|---|
| **GHS Health Maintenance Organization, Inc., d/b/a BlueLincs HMO, Texas Health Choice, L.C., and Scott & White Health Plan,** ***Plaintiffs,*** <br><br> *v.* <br><br> **United States,** ***Defendant.*** | **No. 01-517C** <br><br> **Judge Marian Blank Horn** |

**Plaintiffs Scott & White Health Plan and Texas Health Choice, L.C.'s Reply to Defendant's Response to the Notice of Ripeness for Decision of Plaintiffs' Motions to Strike the Declaration of Nancy Kichak**

On March 31, 2006, Plaintiffs filed motions to strike the declaration of Nancy Kichak, on which the Government heavily relied in support of its motion for summary judgment. The Government's response to the motions to strike was due on April 17. The Government filed no timely response.

On April 21, Plaintiffs Scott & White Health Plan ("Scott & White") and Texas Health Choice, L.C. ("Texas Health"), joined by Plaintiff GHS Health Maintenance Organization ("BlueLincs") filed and served a notice informing the Court that, because the Government had not filed a response, the motions to strike were ripe for decision. On

April 27, the Government filed a 13 page response to the notice, in which the Government argues at length that it should be allowed to file an opposition to the motion to strike.

The Government protests too much. Provided the Court agrees, Plaintiffs have no objection to the Government filing an out-of-time opposition to the motions to strike. Indeed, on April 26, Plaintiffs informed the Government that they would consent to an extension of time until May 1 for the Government to file an out-of-time opposition. Plaintiffs explained to the Government that the reason Plaintiffs oppose an extension until May 19 (as requested by the Government) is that Plaintiffs wish the Court to have an opportunity to rule on the motion to strike before May 19, if the Court deems it appropriate to do so. May 19 is the deadline for the Government's summary judgment reply brief. Plaintiffs wish to provide sufficient time so that, if the Court grants the motions to strike, the Government will be able to prepare its summary judgment reply brief without relying on the challenged declaration. (One would expect the Government to appreciate this concern regarding its reply brief, in light of the fact that the Government is now complaining that Plaintiffs did not file the motions in strike in time to allow the Government to avoid relying on the challenged declaration in its opening brief.)

Given the time that the Government has allowed to elapse since the April 17 deadline for its response to the motion to strike and the April 21 notice, Scott & White and Texas Health respectfully suggest the following:

**(1) The Court should grant the Government an extension of time until noon on Wednesday, May 3, to file its opposition to the motions to strike; and (2) The Court should order Plaintiffs to file replies, if any, by Monday, May 8 (faster than required by the Court's rules).**

The proposed schedule would not prejudice the Government. First, the motions to strike were filed on March 31; the proposed schedule allows the Government a total of 33 days to respond, including 16 extra days since the response was due, and 12 days just since the notice of ripeness was filed. Second, the memoranda to which the Government must respond are not voluminous. The memorandum filed by Scott & White and Texas Health was five pages in length and cited three cases. BlueLinc's memorandum was two pages in length and cited one additional case. The Government ought to be able respond to such memoranda in the time proposed. Third, the motion to strike the declaration of Nancy Kichak was originally filed by Scott & White in the district court on June 28, 2002. The Government actually *filed* a response at that time and has had nearly four years to consider further refining its arguments.

Scott & White and Texas Health respectfully suggest that it is in the interest of all the parties and of the Court for the motions to strike to be fully briefed before the filing of additional briefing on the merits of this case.

April 27, 2006

Respectfully submitted,

Michael S. Nadel
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

*Attorney for Plaintiffs*
*Scott & White Health Plan*
*and Texas Health Choice, L.C*

**Certificate of Service**

I hereby certify that, on April 27, 2006, the foregoing document was filed using the CM/ECF electronically filing system, which will cause a copy to be electronically served on the following:

Jane W. Vanneman, Esq.
*Jane.Vanneman@USDOJ.gov*
Counsel for Defendant United States

Daniel B. Abrahams, Esq.
*DAbrahams@EBGlaw.com*
Counsel for Plaintiff GBS Health Maintenance Organization

McDermott Will & Emery LLP

By:

Michael S. Nadel