IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GHS HEALTH MAINTENANCE ORGANIZATION, INC., d/b/a BLUELINCS HMO, | ) | |
| Plaintiff, | ) | |
| TEXAS HEALTH CHOICE, L.C., | ) | |
| Plaintiff, | ) | |
| SCOTT & WHITE HEALTH PLAN | ) | |
| Plaintiff, | ) | |
| v. | ) | Nos. 01-517C, 05-371C, 05-963C (Judge Horn) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO EXCEED THE PAGE LIMIT FOR DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant respectfully requests that this Court permit it to file a reply brief of approximately sixty pages, approximately forty pages in excess of the twenty page limit set by Rule 5.2(b)(2).

Defendant requires the additional pages for several reasons. This case is a consolidated

case, brought by three plaintiffs. GHS Health Maintenance Organization (Bluelincs) joined in the brief filed by Scott & White and Texas Health Choice (Texas Health). Plaintiffs' arguments are essentially the same, the only difference being that Bluelincs raises a "forfeiture" argument in its brief, whereas the other two plaintiffs (Scott & White, and Texas Health) did not make the "forfeiture" argument. We address all of the plaintiffs' numerous issues in our one consolidated reply brief.

This is a complex case and involves a comprehensive and complicated program, the Federal Employee Health Benefit Act (FEHBA), 5 U.S.C. §8902, which is administered by the Office of Personnel Management (OPM). The issues are very important to the administration of the FEHBA. The case is unusual because there are two standards of review, because this case is governed not only by the Administrative Procedure Act (APA) standard of review for plaintiffs' challenge to the regulation as inconsistent with the statute, but is governed also by the *de novo* standard of review applied by this Court to the Contract Disputes Act (CDA) disputes relating to their contracts, including the contract reformation issue. 41 U.S.C. §§601 et seq.

In our Introduction, we summarize the major flaws in plaintiffs' briefs. We also describe the fundamental nature of the rate reconciliation process, pursuant to the FEHBA, 5 U.S.C. §8902, as it applies to community rated carriers that provide for health plans that are prepaid in nature. 5 U.S.C. §8904.

We rebut all of plaintiffs' challenges to the nonreconciliation regulation as inconsistent with the statute, including matters relating to the language in the statute, requiring rates that "reasonably and equitably reflect" the "cost of benefits provided. We also explain that the interpretation of OPM, the agency charged with administering the FEHBA, is consistent with

other Federal law governing prepaid health plans. We explain that "equitable" rates for the FEHBP group requires a comparison of "rates" to the appropriate similarly sized subscriber group (SSSG) of the carrier, not a comparison to the carriers' non-SSSG Group

We provide the bases for our arguments that the nonreconciliation regulation is not arbitrary or capricious. We provide bases for OPM"s position that the regulation is based upon sound rationales, including the rationales relating to financial disincentives, the fact that rates are estimated at the beginning of the contract year, and that the risk imposed by the regulation is spread equally between the Government and the carriers. And, we explain that, contrary to plaintiffs' arguments, OPM's rationales are supported in the record, and make sense.

We address the case law upon which plaintiffs rely. We rebut their arguments based upon the record retention requirements of the program. We also explain that, just because OPM might have chosen alternative means to address rates in the year in which a community rated carrier elects to exit the program does not invalidate the means that OPM chose.

Plaintiffs also raise an "as applied" challenge to the regulation, which we also address. We explain that OPM, in promulgating a regulation, may reason from the particular to the general, and promulgate a rule of uniform application.

Further, we explain, in the context of the complex FEHBA program, that, even if OPM performs a c**a**lculation of the reconciliation, in anticipation of a rate reconciliation or adjustment to the following year's rate, no actual rate adjustment is required if the carrier elects to exit the FEHB program.

With respect to the contract aspects of the case, we explain that plaintiffs are bound by the terms of their contracts, Section 3.2. Reformation of the contract is not warranted, as

plaintiffs contend. Congress intended the statute to benefit the Government and Federal enrollees, not to benefit the health plans, and therefore, plaintiffs cannot now invoke the contract reformation doctrine, as the law of this circuit and the legislative history of the statute makes that clear. Thus, **even if** the Court were to conclude that the nonreconciliation regulation is inconsistent with the statute, plaintiffs remain bound by section 3.2 of the contract to nonreconciliation in the final year.

Moreover, there was no mutual mistake. There would also be no unjust enrichment in favor of OPM if OPM were to prevail, as the plaintiffs contend.

We address plaintiffs' arguments, and we establish that laches would bar plaintiffs' claims. We have not been required to file an answer in this Court; therefore, that no affirmative defense of laches has yet been pled does not bar our laches defense.

With respect to the one issue that Bluelincs raises – "forfeiture" - but that the other two plaintiffs do not raise - we demonstrate that Bluelincs raised the "forfeiture" argument too late in the briefing, and in any event, there was no forfeiture.

* * *

Accordingly, given the many legal issues that plaintiffs raised in their opposition briefs, we required approximately sixty pages in excess of the twenty page limit for a reply brief.

CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court permit us to file a reply brief of approximately sixty pages.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

SUSAN WHITMAN, Esq.
JILL GERSTENFIELD, Esq.
U.S. Office of Personnel Management
Washington D.C.

s/Jane W. Vanneman
JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Phone: (202) 307-1011
Fax: (202) 514-8624

May 19, 2006

.

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2006, a copy of the foregoing "DEFENDANT'S MOTION FOR LEAVE TO EXCEED THE PAGE LIMIT FOR DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.