# United States Court of Federal Claims

| | |
|---|---|
| **GHS Health Maintenance Organization, Inc., d/b/a BlueLincs HMO, Texas Health Choice, L.C., and Scott & White Health Plan,** *Plaintiffs,* | **No. 01-517C** |
| *v.* | **Judge Marian Blank Horn** |
| **United States,** *Defendant.* | |

**<u>Plaintiffs Scott & White Health Plan and Texas Health Choice, L.C.'s Statement Pursuant to the Court's April 12, 2006 Order</u>**

On April 12, 2006, the Court ordered:

> Defendant shall file its reply brief in the above-captioned cases on or before Friday, May 19, 2006. The brief shall cite to the joint stipulation of facts and supporting appendix by page and paragraph numbers. Furthermore, in light of the disagreements amount the parties surfacing in the defendant's motion and plaintiffs' response, all plaintiffs, including GHS Health Maintenance Organization, shall indicate in a short electronic filing, on or before Friday, May 26, 2006, whether or not plaintiffs request an opportunity to file a short response to the defendant's May 19, 2006 reply in order to explain, clarify, amplify and/or sharpen the distinctions between the parties' positions and, if so, plaintiffs also shall indicate in the filing the time requested to complete and electronically file the submissions.

Pursuant to that Order, Plaintiffs Scott & White and Texas Health state as follows:

1. On May 19, 2006, the Government filed its 57 page reply brief. Contrary to this Court's April 12, 2006 Order and its previous Orders of September 19, 2005, and November 21, 2005, the Government did not cite to the joint stipulation of facts, because the Government's argumentation goes well beyond the joint stipulation of facts.

2. Scott & White and Texas Health choice believe that this case can be decided based on the joint stipulation of facts, the administrative record, and the authorities cited by the parties in the existing briefing. Unless the Court desires additional briefing, Scott & White and Texas Health are prepared to rest on the briefs already submitted, supplemented by their presentation at oral argument, if the Court is willing to hear argument.

3. However, Scott & White and Texas Health would like to correct one particularly glaring factual misrepresentation in the Government's reply brief. At page 54, the Government wrote:

> Because the burden of establishing jurisdiction falls upon plaintiffs, the delay in filing in the wrong courts, and <u>persisting in their errors for the time required to pursue their appeal to the United States Court of the Federal Circuit</u>, *Texas Health Choice v. Office of Personnel Management*, 400 F.3d 895 (Fed. Cir. 2005), should be charged to them.

(emphasis added).

The Government, not Texas Health, pursued the appeal to the Federal Circuit. Texas Health prevailed in the district court, which held that it had jurisdiction over Texas Health's claims. *Tex. Health Choice, L.C. v. U.S. Office of Personnel Mgmt.*, No. 9:03CV14,

2004 U.S. Dist. LEXIS 28392 (E.D. Tex. Feb 10, 2004). In the Federal Circuit, the Government was the appellant, and Texas Health was the appellee. The Government should not represent otherwise to this Court.

May 26, 2006

Respectfully submitted,

Michael S. Nadel
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

*Attorney for Plaintiffs*
*Scott & White Health Plan*
*and Texas Health Choice, L.C.*