# United States Court of Federal Claims

| | |
|---|---|
| **GHS Health Maintenance Organization, Inc., d/b/a BlueLincs HMO, Texas Health Choice, L.C., and Scott & White Health Plan,** *Plaintiffs*, <br><br> *v.* <br><br> **United States,** *Defendant*. | **No. 01-517C** <br><br> **Judge Marian Blank Horn** |

**Plaintiffs Scott & White Health Plan and Texas Health Choice, L.C.'s Reply Memorandum in Support of Plaintiffs' Motions to Strike the Declaration of Nancy Kichak and References Thereto in Defendant's Memoranda**

## Introduction

The Government's defense of its reliance on the declaration of OPM official Nancy Kichak is breathtaking in its audacity. The Government writes:

> The United States Court of Federal Claims, as well as the United States Court of Appeals for the District of Columbia Circuit, have allowed the administrative record to be supplemented in certain situations. . . . Ms. Kichak's declaration will assist the Court in understanding clearly and fully the issues.

OPM Opp. at 5. Yet the Government argued precisely the opposite when it suited its purposes to do so. In an earlier filing in this litigation, the Government stated: "As set

forth above, Plaintiff in this case seeks a declaratory judgment that 48 C.F.R. § 1652.217-70(b)(6) is invalid on its face or invalid as to how it applies to Plaintiff. Without addressing the merits of Plaintiff's case, Defendant respectfully submits that discovery is inappropriate here, because it is well established that review of such an APA claim is limited to the administrative record."[1] Case law demonstrates that the Government's earlier statement was correct. Its current position is adopted out of the apparent recognition that on the administrative record alone, it cannot save the challenged regulation, as evidenced by its assertion that it would be "prejudiced" if the Court did not consider Ms. Kichak's declaration.

The final ten pages of the Government's opposition use the Ms. Kichak's declation to once again address the merits of the parties' underlying dispute. Scott & White and Texas Health will not respond to those statements in this memorandum, except to note they obviously disagree with the Government's characterizations of this case. Instead, Scott & White and Texas Health will establish that, notwithstanding the Government's assertions to the contrary, the administrative record alone must serve as the basis for the Court's evaluation of the validity of the regulation at issue in this case.

---

[1] *See Defendant's Memorandum in Support of Motion for a Protective Order* (attached as Exhibit B to Scott & White and Texas Health's Motion to Strike) at 2 (emphasis added).

## Argument in Reply

### I. Supplementation of the Administrative Record Is Impermissible in This Case.

The Government claims:

> Supplementation is permitted . . . when a case is so complex that a court requires more evidence to enable it to understand clearly and fully the issues. These principles were established in *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1991).[2]

Despite the Government's attempts through lengthy briefing to dress this up as a complex case, it is not a complex case. The parties stipulated to 46 undisputed facts on which the case turns. Those facts describe, to the full extent relevant to this case, how the Federal Employees Health Benefit Program works. In any event, the Government's reliance on *Esch v. Yeutter* is misleading, because that case stands four-square <u>against</u> the Government's argument. In *Esch*, the court wrote:

> It is well settled that an agency is legally bound to respect its own regulations, and commits procedural error if it fails to abide them. The Department has adopted regulations specifying the procedures to be followed on administrative appeals, and appellees insist that in several respects they have been ignored. <u>The Department, on the other hand, invokes the familiar rule that judicial review of agency action is normally to be confined to the administrative record. That principle exerts its maximum force when the substantive soundness of the agency's decision is under scrutiny</u>; in the present case, the procedural validity of the Department's action also remains in serious question. Particularly in the latter context, it may

[2] OPM Opp. at 4.

> sometimes be appropriate to resort to extra-record information to enable judicial review to become effective.

*Esch*, 876 F.2d at 991. This is a case in which "the substantive soundness of the agency's decision is under scrutiny." *Id.* The procedural validity of the regulation has not been challenged. Accordingly, this is a case in which "the familiar rule that judicial review of agency action is normally to be confined to the administrative record" exerts "its maximum force." *Id.* Thus, the Government's leading authority establishes that the declaration should be stricken.

The next case cited by the Government also belies the Government's position. In *Cubic Applications v. United States*, 37 Fed. Cl. 339 (1997), a contractor who had filed a bid protest action sought expedited discovery and to limit the administrative record, and the Government moved "to designate the entire administrative record existing at the General Accounting Office as the administrative record to be reviewed by this court." *Id.* at 341. This Court observed that "[f]he focal point for judicial review 'should be the administrative record already in existence, not some new record made initially by the reviewing court.'" *Id.* (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). For that reason, the Court wrote, "'post hoc' rationalizations by the agency are afforded little weight." *Id.* (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419 (1971)).[3] The Court concluded that the

[3] In *Citizens to Preserve Overton Park*, the Supreme Court commented: "The lower courts based their review on the litigation affidavits that were presented. These affidavits

affidavits challenged by the plaintiff had no "evidentiary weight under any of the *Esch* exceptions." *Id.* at 344. And the affidavits in that case had been part of the proceeding before the GAO that was under review, unlike the Kichak declaration, which was created solely for purposes of this litigation. The Government knows this is the law. In its reply brief on the merits, filed the same day as its motion to the motions to strike, the Government itself cites *Camp v. Pitt*, 411 U.S. 138 (1973) for the proposition that if the "rationale for agency action is not sustainable on the administrative record, the court should vacate decision and remand to agency for further consideration."[4]

The Government's reliance on *AT&T Information Systems, Inc. v. GSA*, 810 F.2d 1233 (D.C. Cir. 1987), is surprising. According to the Government, *AT&T* stands for the proposition that the "record may be supplemented to provide explanatory background information."[5] The Government's summary, once again, is misleading. In *AT&T*, the court noted that APA review "must be based upon the 'whole record.' The Supreme Court has made clear that the 'whole record' consists of the administrative record compiled by the agency in advance of litigation, not any record thereafter constructed in the reviewing

---

were merely '*post hoc*' rationalizations, which have traditionally been found to be an inadequate basis for review." *Citizens to Preserve Overton Park*, 401 U.S. at 419 (citations omitted).

[4] *Defendant's Reply to Plaintiffs' Opposition to Defendant's Cross-Motion for Summary Judgment* at 8.

[5] OPM Opp at 4.

court." *Id.* at 1236. The Court continued: "This rule applies to informal agency proceedings like those involved in this case, and we have repeatedly applied it to bar introduction of litigation affidavits to supplement the administrative record." *Id.* (emphasis added).[6] Similarly, in *GraphicData LLC v. United States*, 37 Fed. Cl. 771 (1997), which the Government also cites, this Court held: "Initially, the judge should determine whether the agency action before the court is susceptible to a record review. If the answer is yes, the judge must limit review to the record." *Id.* at 780 (emphasis added). The Government has contended and could not seriously argue that the Court is incapable of reviewing the challenged regulation based solely on the administrative record – particularly given that the Government has previously argued to the contrary in this very case.

## II. In Accord with This Court's September 19, 2005 Order, This Court Should Not Consider the Declaration of Nancy Kichak.

Statements littered throughout the Government's brief demonstrate why consideration of Ms. Kichak's declaration is inappropriate. For example, the Government asserts that "Plaintiffs rebut none of Ms. Kichak's statements with any evidence or facts."[7] But this not the time for Plaintiffs to be introducing evidence or facts. As discussed above,

---

[6] The court cited: *Walter O. Boswell Memorial Hosp. v. Heckler*, 749 F.2d 788, 792-94 (D.C. Cir. 1984); E*nvtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 285-86 (D.C. Cir. 1981); and *Rodway v. USDA*, 514 F.2d 809, 816 (D.C. Cir. 1975).

[7] OPM Opp. at 9.

the validity of the challenged regulation must be decided on the administrative record. For this reason, it would not matter if it were correct that "Ms. Kichak's statements are hardly controversial."[8] What matters is they are outside of the administrative record and therefore cannot assist the Court in evaluating the regulation.

Moreover, by its Order of September 19, 2005, the Court required the parties to file "a joint stipulation of facts setting forth specific agreed upon facts with appropriate citations to the appendix to identify whether there are disputed material facts in the case and to assist in the summary judgment motions." *Order* (Docket Entry #39, Sept. 19, 2005. Plaintiffs understood that the facts contained in the stipulation were to serve as the basis for the parties' summary judgment motions. The parties' Joint Stipulation of Facts, filed on December 8, 2005 (two days after the Government filed Ms. Kichak's declaration with the Court) does not include the assertions contained in Ms. Kichak's declaration, nor does it reference the declaration. Consequently, in light of the Order of this Court, the assertions in the declaration should not be considered.

The Court's Order was not limited to briefing involving Plaintiffs' facial challenge. It also applied to briefing on Plaintiffs' as-applied challenge to the regulation. In any event, Ms. Kichak's declaration shines no light on Plaintiffs' as-applied challenges. Plaintiffs have argued that even if the challenged regulation were facially valid, it still is not valid as

[8] OPM Opp. at 12.

applied to Plaintiffs, because the only rationale for the regulation contained in the administrative record – that "it is difficult to get adequate data from plans when they have terminated," 55 Fed. Reg. 27406 (1996) – does not apply to Plaintiffs, from whom it was not difficult to get adequate data and, indeed, with respect to whom reconciliation was completed successfully. Ms. Kichak's declaration does not purport to refute that argument, nor could it. (Indeed, Ms. Kichak's declaration does not even mention Texas Health or BlueLincs.)

**III. The Government Is Not Prejudiced By the Exclusion of the Kichak Declaration.**

The Government's assertion that it was surprised by Plaintiffs' motions to strike Ms. Kichak's declaration defies credulity. The Government could not really have mistaken Plaintiffs' willingness to allow the ministerial act of including the declaration in the appendix as acquiescence to the supplementation of the administrative record with the opinions of an OPM official. Ms. Kichak's declaration was originally filed on May 6, 2002. Scott & White moved to strike it on June 28, 2002, raising the same arguments that Plaintiffs' have raised in the instant motions. *See* Exhibit A. The Government filed its opposition to the motion on August 26, 2002. *See* Exhibit B. The motion to strike was still pending when the case was transferred to this Court. The Government could have been under no illusion as to the Plaintiffs' position.

In any event, the Government has had ample time and space in its voluminous opening and reply briefs on the merits to argue the validity of the regulation within the confines of the administrative record – and, as this Court ordered, within the confines of the parties' Joint Stipulation. Presumably, the Government has by now offered every argument that those documents allow it to put forth.

**Conclusion**

For the reasons stated above and in Plaintiffs' opening memoranda, Plaintiffs Scott & White and Texas Health respectfully request that the motions to strike the declaration of Nancy Kichak and references thereto in the Government's memoranda be stricken. The Court should not rely on Ms. Kichak's opinions in deciding whether the regulation at issue in this case is invalid.

Plaintiff GHS Health Maintenance Organization joins in this reply.

May 25, 2006

Respectfully submitted,

Michael S. Nadel
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

*Attorney for Plaintiffs*
*Scott & White Health Plan*
*and Texas Health Choice, L.C.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SCOTT & WHITE HEALTH PLAN,<br><br>Plaintiff,<br><br>*v.*<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,<br><br>Defendant. | Civil No. 01-1824 (JGP) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DECLARATION OF NANCY H. KICHAK AND REFERENCES THERETO IN DEFENDANT'S PLEADINGS**

## INTRODUCTION

On May 6, 2002, Defendant United States Office of Personnel Management ("OPM"), filed with this Court a motion to dismiss the complaint of Plaintiff Scott & White Health Plan ("Scott & White"), or, in the alternative, for summary judgment. OPM's motion papers attach and rely heavily on the Declaration of Nancy H. Kichak, Director of the Office of the Actuaries, Retirement and Insurance Service for OPM ("Kichak Declaration").

Submission of the Kichak Declaration was impermissible, because it is not included in – and includes statements outside – the Administrative Record filed with this Court. Yet in denying Scott & White discovery in this case, OPM strenuously argued, and this Court agreed, that review was limited to the administrative record. Scott & White, therefore, now asks this Court to strike the Kichak Declaration and all references to the Kichak Declaration in OPM's motion papers from the record of this case. [1]

**BACKGROUND**

On August 27, 2001, Scott & White filed this lawsuit against OPM challenging 48 C.F.R. § 1562.216-70(b)(6) (the "Final Year Regulation"). In its Complaint, Scott & White alleged that: (1) The Final Year Regulation is facially invalid because it conflicts with the Federal Employees Health Benefits Act, 5 U.S.C. § 8902(*i*); and (2) The Final Year Regulation is invalid as applied to Scott & White.

On February 25, 2002, Scott & White served on OPM a set of six interrogatories and one document request, which are attached to this Memorandum as Exhibit A. Scott & White's Interrogatory No. 3 asked OPM: "Please identify all rationales for 48 C.F.R. § 1652.216-70(b)(6)."

---

[1] As Scott & White's Motion and Proposed Order make clear, certain paragraphs of the Kichak Declaration are excluded from Scott & White's Motion to Strike. Paragraph 1 identifies Ms. Kickak. Paragraphs 16, 17, and 28 of the Kichak Declaration relate to Scott & White specifically. Scott & White does not object to those paragraphs or the references in OPM's papers to those paragraphs.

On April 15, 2002, OPM moved this Court for a protective order stating that OPM need not respond to Scott & White's discovery requests. In support of its motion, OPM argued that "discovery is inappropriate here, because it is well established that review of such an APA claim is limited to the administrative record."[2]

On April 19, 2002, the Court granted OPM's motion. Specifically with respect to Interrogatory No. 3, which asked OPM to identify all rationales for the Final Year Regulation, the Court stated that "it appears to the Court that the administrative record would satisfy the requests." Order (Apr. 19, 2002) at 3, attached as Exhibit C.

On May 6, 2002, the parties filed their respective dispositive motions. In support of its facial challenge to the Final Year Regulation, Scott & White's motion relies on the administrative record, and matters that may be judicially noticed, such as the U.S. Code, the Code of Federal Regulations and federal caselaw.[3] OPM's

---

[2] Defendant's Memorandum in Support of Motion for a Protective Order, attached as Exhibit B, at 2.

[3] Scott & White filed the Declaration of Jimmy Carroll solely in Support of Plaintiff's Motion for Summary Judgment ("Carroll Declaration") in support of its as-applied challenge. The submission of the Carroll Declaration was specifically authorized by this Court's April 19, 2002 Order in which the Court, relying on *Amfac Resorts, LLC v. Department of the Interior*, 282 F.3d 818 (D.C. Cir. 2002), held "that a party making an as-applied challenge to a regulation may present evidence outside the administrative record. . . . Scott & White has calculated its injury and can present that amount to the court in its as-applied challenge to the regulation." Order (Apr. 19, 2002) at 4.

motion, however, relies on evidence from outside the administrative record – specifically the Kichak Declaration.

## ARGUMENT

### THIS COURT SHOULD STRIKE THE KICHAK DECLARATION.

The focal point for judicial review of an agency action is "the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973), *cited in* Defendant's Memorandum in Support of Motion for Protective Order, attached as Exhibit B, at 2. As OPM noted, "it is well established that" review of claims like Scott & White's are "limited to the administrative record." But the administrative record in this case, a collection of eight documents which OPM filed with the Court on April 29, 2002, includes neither the Kichak Declaration nor the assertions contained in the Kichak Declaration.

The most egregious examples of OPM's attempt to build a new record before this Court are found in Paragraphs 20, 21, 22, 24, 25, and 27 of the Kichak Declaration, which supply new rationales for the Final Year Regulations not contained in the administrative record and new arguments that are not facts at all.

- Paragraph 20 makes assertions about "OPM's experience" and OPM's record retention requirements that go beyond anything in the administrative record.

- Paragraph 21 makes claims about "financial disincentives" that not mentioned or even remotely alluded to in the administrative record.
- Paragraph 22 asserts that "OPM found that it was unable to obtain adequate data to reconcile rates for a variety of plans." In fact, the administrative record contains evidence of only two plans for which OPM had difficulty obtaining adequate data. Nothing in the administrative record suggests this occurred in any cases beyond those described in Paragraphs 23 and 24.
- Paragraph 25 is composed of *post hoc* rationales not found anywhere in the administrative record.
- Paragraph 27 contains a discussion of "incentives" that does not appear in the administrative record.

OPM is attempting to create a new record before this Court and to put before this Court new rationales for the Final Year Regulation. This is contrary to *Camp v. Pitts*. The original record made by the agency is all that is relevant to this Court's review.

This Court should not consider the Kichak Declaration and should order it stricken from the record of this case. This Court should also strike all references to the Kichak Declaration in OPM's motion papers and should not rely on any statements by OPM whose only support is the Kichak Declaration.

## CONCLUSION

For the above-stated reasons, this Court should grant Scott & White's Motion to Strike.

June 28, 2002

______________________________

Joel L. Michaels, D.C. Bar #230466
Arthur G. Sapper, D.C. Bar #227660
John G. Horan, D.C. Bar #417729
Michael S. Nadel, D.C. Bar #470144
**McDERMOTT, WILL & EMERY**
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

*Attorneys for Plaintiff*
*Scott & White Health Plan*

**EXHIBIT A**

**EXHIBIT B**

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SCOTT & WHITE HEALTH PLAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 01-1824 (JGP) |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DECLARATION OF NANCY H. KICHAK AND REFERENCES THERETO IN DEFENDANT'S PLEADINGS**

Defendant United States Office of Personnel Management ("OPM") hereby opposes Plaintiff's Motion to Strike Declaration of Nancy H. Kichak and References Thereto in Defendant's Pleadings.

On May 6, 2002, Defendant filed with this Court a motion to dismiss the complaint of Plaintiff Scott & White Health Plan, or, in the alternative, for summary judgment. Defendant's motion attached and referenced the Declaration of Nancy H. Kichak, Director of the Office of the Actuaries, Retirement and Insurance Service for OPM ("Kichak Declaration").

Plaintiff, through their Motion to Strike, argued that the submission of the Kichak Declaration was impermissible "because it is not included in - and includes statements outside - the Administrative Record filed with this Court." See Memorandum of Law in Support of Plaintiff's Motion to Strike Declaration of Nancy H. Kichak and References Thereto in Defendant's Pleadings at ¶ 2. However, it is the position of the Defendant that they may supplement the administrative record with the Kichak Declaration in order to provide this Court

with background information with which to facilitate review of this case.

The "focal point" for judicial review of an agency action is " the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973); see also Environmental Defense Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981). However, such review should be based on the full administrative record that was before the agency at the time of its decision. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 419-20 (1971). Therefore, in order to clarify information before the agency at the time of its decision, the Court may supplement the administrative record to provide background information in order to facilitate judicial review. See AT&T Information Systems, Inc. v. General Services Administration, 810 F.2d 1233, 1236 (D.C. Cir. 1987); H&F Enterprises, Ltd. v. Untied States, 973 F. Supp. 170, 174 (D.D.C. 1996); National Treasury Employees Union v. Hove, 840 F. Supp. 165, 168 (D.D.C. 1994); American Forest & Paper Ass'n, Inc. v. United States Environmental Protection Agency, 1996 WL 509601, *3 (D.D.C 1996); see also City of Reading, Pennsylvania v. Austin, 816 F. Supp. 351, 361 (E.D.Pa. 1993).

The Kichak Declaration is legitimate documentation in support of OPM's motion and should not be stricken from the motion. With this declaration, OPM provides the Court with an explanation, in addition to the Federal Register explanation, of the record as it originally existed when the regulations were issued. As OPM's actuaries were intimately involved in the development of the contested regulation, the Kichak Declaration represents the views of the agency during the time the regulation was developed. It is properly considered by the Court in connection with the administrative record because it does not introduce *post hoc* or newly determined evidence; rather, it develops and explains OPM's rationales at the time the regulation

was issued, in the place of any documentary evidence of the OPM thought process, for the reason that no such documentary evidence exists. Striking the Kichak Declaration would hamper the Court's ability to understand the basis and rationale for the regulation.

Since all that is contained in the Kichak Declaration is information that was considered and present during the drafting of the regulation, contrary to Plaintiff's assertions, Defendant has not attempted to "build a new record" before this Court. See Memorandum of Law in Support of Plaintiff's Motion to Strike Declaration of Nancy H. Kichak and References Thereto in Defendant's Pleadings at ¶ 4. The specific paragraphs referenced by Plaintiff were before the agency at the time of its decision and considered in furtherance of the regulation. Accordingly, the Kichak Declaration should be treated as mere background evidence to be used only to supplement and clarify the administrative record before this Court.

For the reasons set forth above, Defendant respectfully requests that Plaintiff's Motion to Strike the Kichak Declaration be denied and such Declaration be admitted to supplement the administrative record in order to provide this Court with background information.

Respectfully Submitted,

______________________________

ROSCOE C. HOWARD, JR., D.C. Bar # 246470
United States Attorney for the District of Columbia

______________________________

MARK E. NAGLE, D.C. Bar #416364
Assistant United States Attorney

VINCENT H. COHEN, JR., D.C. Bar # 471489
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Room 10-913
Washington, D.C. 20001
(202) 307-0406

OF COUNSEL:
SUSAN G. WHITMAN
Attorney
United States Office of
Personnel Management

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SCOTT & WHITE HEALTH PLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 01-1824 (JGP) |
| | ) | |
| U.S. OFFICE OF PERSONNEL MANAGEMENT | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Upon consideration of Defendants' Opposition to Plaintiff's Motion to Strike Declaration of Nancy H. Kichak and References Thereto in Defendant's Pleadings and Memorandum in Support thereof, and the entire record in this matter, it is, on this _____ day of _______, 2002, hereby,

**ORDERED** that Plaintiff's Motion is hereby is denied.

_________________________________
UNITED STATES DISTRICT JUDGE