**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SCOTT & WHITE HEALTH PLAN,<br><br>Plaintiff,<br><br>*v.*<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,<br><br>Defendant. | Civil No. 01-1824 (JGP) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DECLARATION OF NANCY H. KICHAK AND REFERENCES THERETO IN DEFENDANT'S PLEADINGS**

## INTRODUCTION

On May 6, 2002, Defendant United States Office of Personnel Management ("OPM"), filed with this Court a motion to dismiss the complaint of Plaintiff Scott & White Health Plan ("Scott & White"), or, in the alternative, for summary judgment. OPM's motion papers attach and rely heavily on the Declaration of Nancy H. Kichak, Director of the Office of the Actuaries, Retirement and Insurance Service for OPM ("Kichak Declaration").

Submission of the Kichak Declaration was impermissible, because it is not included in – and includes statements outside – the Administrative Record filed with this Court. Yet in denying Scott & White discovery in this case, OPM strenuously argued, and this Court agreed, that review was limited to the administrative record. Scott & White, therefore, now asks this Court to strike the Kichak Declaration and all references to the Kichak Declaration in OPM's motion papers from the record of this case. [1]

**BACKGROUND**

On August 27, 2001, Scott & White filed this lawsuit against OPM challenging 48 C.F.R. § 1562.216-70(b)(6) (the "Final Year Regulation"). In its Complaint, Scott & White alleged that: (1) The Final Year Regulation is facially invalid because it conflicts with the Federal Employees Health Benefits Act, 5 U.S.C. § 8902(*i*); and (2) The Final Year Regulation is invalid as applied to Scott & White.

On February 25, 2002, Scott & White served on OPM a set of six interrogatories and one document request, which are attached to this Memorandum as Exhibit A. Scott & White's Interrogatory No. 3 asked OPM: "Please identify all rationales for 48 C.F.R. § 1652.216-70(b)(6)."

---

[1] As Scott & White's Motion and Proposed Order make clear, certain paragraphs of the Kichak Declaration are excluded from Scott & White's Motion to Strike. Paragraph 1 identifies Ms. Kickak. Paragraphs 16, 17, and 28 of the Kichak Declaration relate to Scott & White specifically. Scott & White does not object to those paragraphs or the references in OPM's papers to those paragraphs.

On April 15, 2002, OPM moved this Court for a protective order stating that OPM need not respond to Scott & White's discovery requests. In support of its motion, OPM argued that "discovery is inappropriate here, because it is well established that review of such an APA claim is limited to the administrative record."[2]

On April 19, 2002, the Court granted OPM's motion. Specifically with respect to Interrogatory No. 3, which asked OPM to identify all rationales for the Final Year Regulation, the Court stated that "it appears to the Court that the administrative record would satisfy the requests." Order (Apr. 19, 2002) at 3, attached as Exhibit C.

On May 6, 2002, the parties filed their respective dispositive motions. In support of its facial challenge to the Final Year Regulation, Scott & White's motion relies on the administrative record, and matters that may be judicially noticed, such as the U.S. Code, the Code of Federal Regulations and federal caselaw.[3] OPM's

---

[2] Defendant's Memorandum in Support of Motion for a Protective Order, attached as Exhibit B, at 2.

[3] Scott & White filed the Declaration of Jimmy Carroll solely in Support of Plaintiff's Motion for Summary Judgment ("Carroll Declaration") in support of its as-applied challenge. The submission of the Carroll Declaration was specifically authorized by this Court's April 19, 2002 Order in which the Court, relying on *Amfac Resorts, LLC v. Department of the Interior*, 282 F.3d 818 (D.C. Cir. 2002), held "that a party making an as-applied challenge to a regulation may present evidence outside the administrative record. . . . Scott & White has calculated its injury and can present that amount to the court in its as-applied challenge to the regulation." Order (Apr. 19, 2002) at 4.

motion, however, relies on evidence from outside the administrative record – specifically the Kichak Declaration.

## ARGUMENT

## THIS COURT SHOULD STRIKE THE KICHAK DECLARATION.

The focal point for judicial review of an agency action is "the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973), *cited in* Defendant's Memorandum in Support of Motion for Protective Order, attached as Exhibit B, at 2. As OPM noted, "it is well established that" review of claims like Scott & White's are "limited to the administrative record." But the administrative record in this case, a collection of eight documents which OPM filed with the Court on April 29, 2002, includes neither the Kichak Declaration nor the assertions contained in the Kichak Declaration.

The most egregious examples of OPM's attempt to build a new record before this Court are found in Paragraphs 20, 21, 22, 24, 25, and 27 of the Kichak Declaration, which supply new rationales for the Final Year Regulations not contained in the administrative record and new arguments that are not facts at all.

- Paragraph 20 makes assertions about "OPM's experience" and OPM's record retention requirements that go beyond anything in the administrative record.

- Paragraph 21 makes claims about "financial disincentives" that not mentioned or even remotely alluded to in the administrative record.
- Paragraph 22 asserts that "OPM found that it was unable to obtain adequate data to reconcile rates for a variety of plans." In fact, the administrative record contains evidence of only two plans for which OPM had difficulty obtaining adequate data. Nothing in the administrative record suggests this occurred in any cases beyond those described in Paragraphs 23 and 24.
- Paragraph 25 is composed of *post hoc* rationales not found anywhere in the administrative record.
- Paragraph 27 contains a discussion of "incentives" that does not appear in the administrative record.

OPM is attempting to create a new record before this Court and to put before this Court new rationales for the Final Year Regulation. This is contrary to *Camp v. Pitts*. The original record made by the agency is all that is relevant to this Court's review.

This Court should not consider the Kichak Declaration and should order it stricken from the record of this case. This Court should also strike all references to the Kichak Declaration in OPM's motion papers and should not rely on any statements by OPM whose only support is the Kichak Declaration.

## CONCLUSION

For the above-stated reasons, this Court should grant Scott & White's Motion to Strike.

June 28, 2002

________________________________

Joel L. Michaels, D.C. Bar #230466
Arthur G. Sapper, D.C. Bar #227660
John G. Horan, D.C. Bar #417729
Michael S. Nadel, D.C. Bar #470144
**MCDERMOTT, WILL & EMERY**
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

*Attorneys for Plaintiff*
*Scott & White Health Plan*

**EXHIBIT A**

**EXHIBIT B**

**EXHIBIT C**