**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SCOTT & WHITE HEALTH PLAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,<br><br>Defendant. | ) | Civil No. 01-1824 (JGP) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DECLARATION OF NANCY H. KICHAK AND REFERENCES THERETO IN DEFENDANT'S PLEADINGS**

Defendant United States Office of Personnel Management ("OPM") hereby opposes Plaintiff's Motion to Strike Declaration of Nancy H. Kichak and References Thereto in Defendant's Pleadings.

On May 6, 2002, Defendant filed with this Court a motion to dismiss the complaint of Plaintiff Scott & White Health Plan, or, in the alternative, for summary judgment. Defendant's motion attached and referenced the Declaration of Nancy H. Kichak, Director of the Office of the Actuaries, Retirement and Insurance Service for OPM ("Kichak Declaration").

Plaintiff, through their Motion to Strike, argued that the submission of the Kichak Declaration was impermissible "because it is not included in - and includes statements outside - the Administrative Record filed with this Court." See Memorandum of Law in Support of Plaintiff's Motion to Strike Declaration of Nancy H. Kichak and References Thereto in Defendant's Pleadings at ¶ 2. However, it is the position of the Defendant that they may supplement the administrative record with the Kichak Declaration in order to provide this Court

with background information with which to facilitate review of this case.

The "focal point" for judicial review of an agency action is " the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973); see also Environmental Defense Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981). However, such review should be based on the full administrative record that was before the agency at the time of its decision. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 419-20 (1971). Therefore, in order to clarify information before the agency at the time of its decision, the Court may supplement the administrative record to provide background information in order to facilitate judicial review. See AT&T Information Systems, Inc. v. General Services Administration, 810 F.2d 1233, 1236 (D.C. Cir. 1987); H&F Enterprises, Ltd. v. Untied States, 973 F. Supp. 170, 174 (D.D.C. 1996); National Treasury Employees Union v. Hove, 840 F. Supp. 165, 168 (D.D.C. 1994); American Forest & Paper Ass'n, Inc. v. United States Environmental Protection Agency, 1996 WL 509601, *3 (D.D.C 1996); see also City of Reading, Pennsylvania v. Austin, 816 F. Supp. 351, 361 (E.D.Pa. 1993).

The Kichak Declaration is legitimate documentation in support of OPM's motion and should not be stricken from the motion. With this declaration, OPM provides the Court with an explanation, in addition to the Federal Register explanation, of the record as it originally existed when the regulations were issued. As OPM's actuaries were intimately involved in the development of the contested regulation, the Kichak Declaration represents the views of the agency during the time the regulation was developed. It is properly considered by the Court in connection with the administrative record because it does not introduce *post hoc* or newly determined evidence; rather, it develops and explains OPM's rationales at the time the regulation

was issued, in the place of any documentary evidence of the OPM thought process, for the reason that no such documentary evidence exists. Striking the Kichak Declaration would hamper the Court's ability to understand the basis and rationale for the regulation.

Since all that is contained in the Kichak Declaration is information that was considered and present during the drafting of the regulation, contrary to Plaintiff's assertions, Defendant has not attempted to "build a new record" before this Court. See Memorandum of Law in Support of Plaintiff's Motion to Strike Declaration of Nancy H. Kichak and References Thereto in Defendant's Pleadings at ¶ 4. The specific paragraphs referenced by Plaintiff were before the agency at the time of its decision and considered in furtherance of the regulation. Accordingly, the Kichak Declaration should be treated as mere background evidence to be used only to supplement and clarify the administrative record before this Court.

For the reasons set forth above, Defendant respectfully requests that Plaintiff's Motion to Strike the Kichak Declaration be denied and such Declaration be admitted to supplement the administrative record in order to provide this Court with background information.

Respectfully Submitted,

ROSCOE C. HOWARD, JR., D.C. Bar # 246470
United States Attorney for the District of Columbia

MARK E. NAGLE, D.C. Bar #416364
Assistant United States Attorney

VINCENT H. COHEN, JR., D.C. Bar # 471489
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Room 10-913
Washington, D.C. 20001
(202) 307-0406

OF COUNSEL:
SUSAN G. WHITMAN
Attorney
United States Office of
Personnel Management

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SCOTT & WHITE HEALTH PLAN, )
)
Plaintiff, )
)
v. ) Civil Action No. 01-1824 (JGP)
)
U.S. OFFICE OF PERSONNEL MANAGEMENT )
)
Defendants. )
)

**ORDER**

Upon consideration of Defendants' Opposition to Plaintiff's Motion to Strike Declaration of Nancy H. Kichak and References Thereto in Defendant's Pleadings and Memorandum in Support thereof, and the entire record in this matter, it is, on this _____ day of _______, 2002, hereby,

**ORDERED** that Plaintiff's Motion is hereby is denied.

____________________________________
UNITED STATES DISTRICT JUDGE